15360.  NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY *v.* BASS.

JENKINS, P. J.  1. As to the value of the property destroyed the plaintiff, in his testimony, stated, in reference to the first item, that his opinion as to value related to what he regarded as the "reasonable market value." He did not repeat this expression when, in immediate connection, he testified to the reasonable value of the other items. Insistence is made, under the general grounds of the motion for a new trial, that the verdict is contrary to law, as being without evidence to support it with respect to proof of the market value of this portion of the goods. *Held:* The reasonably construed meaning and intent of the testimony relating to the reasonable value of the latter items could be taken to have reference to reasonable market value, as had just been explained; especially so where (contrary to the procedure in *Miller* v. *Luckey*, 132 *Ga.* 581, 582 (2), 64 S. E. 658), no objection was made to the admission of the testimony. Moreover, "while the measure of damages is the market value of the property when lost, any evidence of value, including the purchase-price of the property, is admissible for the purpose of enabling the jury to find the market value." *Atlanta Baggage & Cab Co.* v. *Mizo*, 4 *Ga. App.* 407 (2) (61 S. E. 844). In the instant case, as to almost every item there was additional testimony as to its cost, together with its condition or subsequent use, and there is no exception to the charge of the court or to the failure to charge on the measure of damages.

2. The remaining grounds of the motion for a new trial, relative to the exclusion of testimony and the court's refusal to charge, are without merit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 18, 1924.

Action for damages; from Floyd superior court—Judge Wright. January 15, 1924.

*Tye, Peeples & Tye, Linton A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.