22547.   GEORGIA POWER COMPANY *v.* MANLEY.

DECIDED SEPTEMBER 6, 1933.

*Colquitt, Parker, Troutman & Arkwright, Roberts & Roberts, M. F. Adams,* for plaintiff in error.

MacIntyre, J. Desiring to construct a power-dam on the Oconee river, the Georgia Power Company sought to procure by condemnation proceedings "the perpetual right to flood or flow back water in and upon" a very narrow strip of land constituting eleven one-hundredths of an acre, extending for about four hundred yards within the banks of a creek along the edge of a 258-acre tract of land belonging to J. W. Manley and others. Upon an appeal from the award of the assessors, a jury found a verdict for the defendants for the "sum of $1.65 for eleven one-hundredth acre," and for "$257.89 for consequential damages." The Georgia Power Company moved for a new trial, upon the general and certain special grounds; and it excepts to the overruling of the motion.

The contention of counsel of plaintiff in error in regard to the general grounds is thus expressed in their brief: "We respectfully insist upon the first three general grounds of the motion, as the evidence does not warrant the large verdict rendered in this case, the damage being nominal and the value of the land practically nothing, and the weight of the evidence is strongly against the verdict, which is so large as to indicate undue bias in favor of the condemnee."

It appears from the record that the banks of said creek are nearly vertical, and that the effect of banking up the water by said dam would be to greatly retard the flow of the water, and to raise the level of the water in the creek about four feet. J. W. Manley swore in part: "The market value of the tract previous to July 15, 1930, was $15 an acre. Since the condemnation the place has no market value." There was other testimony to the effect that the market value of the remainder of the tract had greatly depreciated in value by reason of the fact of the easement procured to back water on said narrow strip. One witness testified in regard to the Manley land as follows: "I know where the houses are located on this place. Some was cultivated until last year—I don't know how much. It was seven or eight miles from Eatonton—about the same distance to Dennis Station. . . I know the power company bought land across the creek at nineteen or twenty dollars an acre; I think this is worth as much." The brief of evidence contains this statement: "It was admitted by counsel for Georgia Power Company that the company bought land from this witness, adjoining the Manley land, at seven dollars per acre." There appears to

be no controversy about that part of the verdict awarding damages for the property actually taken. However, it is strenuously contended that the part of the verdict awarding consequential damages is not supported by the evidence in the case, and that the verdict is so large "as to indicate undue bias in favor of the condemnee." The measure of consequential damages is the diminution in the market value of the remainder of the property proximately arising from the taking of the part taken, and the devoting of it to the purposes for which it was condemned in the usual and ordinary way. *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120, 124 (72 S. E. 900). It may be that the evidence designed to show consequential damages was not as certain and explicit as might be desired, but it must be borne in mind that the market value of land is usually a matter of opinion, and that the same is true of diminution in market value. The land in question was nothing more than ordinary farm land, and was of no great value, but it clearly appears, from the evidence, that it was of some value. Had the jury fixed their verdict in accordance with the testimony of the condemnee, it might have been much larger. From the location and nature of the land and the testimony as to its value, the jury apparently reached the conclusion that the market value of the entire tract was $15 an acre. From the shape and location of the narrow strip of land actually taken, with reference to the remainder of the tract, the jury concluded that the consequential damages amounted to $1 an acre. Under the facts of this case, this court can not say that the strip of land actually taken was not worth $1.65, or that the remainder of the tract was not damaged in the sum fixed by the jury, or that such damage did not proximately arise from the taking of that part which was taken, or that the verdict was so large as to show bias or prejudice on the part of the jury. In short, we hold that the trial judge did not err in overruling the general grounds of the motion for a new trial. "In the absence of a timely motion for a mistrial, a new trial will not be granted because of questions propounded by the trial judge to a witness under examination. Whether the asking of the questions would have amounted to error requiring a reversal, had a motion for mistrial been promptly made, need not be decided." *Kay* v. *Benson,* 152 *Ga.* 185 (108 S. E. 779). Under the foregoing rule, special grounds 4 and 6 will not be considered.

Ground 5, complaining that the "court erred in refusing to rule out and exclude . . all the testimony of the witness, Green Evans, sworn for the defendant, upon motion of movant's counsel," after said witness had testified in effect, on cross-examination, that he did not know the market value of the land in question, is too general and incomplete for the consideration of this court. Ground 7 is merely an elaboration of the general grounds, and needs no special consideration. There is no merit in ground 8, wherein it is averred that, without request, the court failed to charge the jury "with reference to the difference between the easement sought . . and the taking in fee simple." When considered in connection with its context and the remainder of the charge, the excerpt from the charge complained of in ground 9 is not susceptible to the criticism that it expressed the court's opinion "that the defendants were entitled to recover damages," and that "the jury under this charge were compelled to find a verdict for some damages to the remainder of the property."

*Judgment affirmed. Sutton and Guerry, JJ., concur.*