34284.  GRANT *v.* DANNALS.

Decided January 7, 1953.

*Ralph R. Quillian,* for plaintiff in error.

*Lokey, Bowden & Rolleston, Charles N. Lokey,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The primary contention of the plaintiff in error is that the value of the automobile before and after the collision was not properly proved, as a result of which the verdict for $500 was the result of mere surmise and speculation, and should be set aside. On this question the plaintiff testified as follows:

"As to what parts of my car were damaged, my front bumper—the major damage was to the frame of the car. It was badly distorted and bent. Also the front grill and the right front fender. The body of the car was knocked around where I couldn't open the door. I had to get out on the opposite side from the driver. The radiator was broken and knocked up. It was leaking. All of the grill work on the front and the front part of the hood. As to how fast I was going at the time of the collision, I was almost stopped. I was trying to stop as quickly as I could. . . I know what my car was worth in its wrecked condition. I bought this car in October, 1949. As to what, in my opinion, was the value of my car immediately before it was damaged in this collision, I paid in the neighborhood of $2100 for it and I guess it would be worth certainly $1700 right at that time. They take a right heavy depreciation, at 'first. As to what was the value of the car immediately after the accident, it was around $1200. It is my feeling that the difference in the value of the car immediately

before the accident and immediately after the accident was $500.
. . . A 1950 frame was finally put in my car. The whole body
had to be re-bored and re-fitted for it. They were not able to
get a 1949 frame." The plaintiff further testified that the
automobile in question was a 1949 Ford, and that he had done
repair work on automobiles.

Code § 38-1709 provides as follows: "Direct testimony as to
market value is in the nature of opinion evidence. One need
not be an expert or dealer in the article, but may testify as to
value, if he has had an opportunity for forming a correct
opinion." Market value may be established by either direct or
circumstantial evidence. *Farm Products Co.* v. *Eubanks*, 29
*Ga. App.* 604, 610 (116 S. E. 327). Questions as to value are
peculiarly for the jury, who on this issue are not absolutely
bound even by the uncontradicted testimony of experts, but may
consider the nature of the property involved and any other facts
or circumstances within their knowledge in arriving at a ver-
dict, provided there are in evidence sufficient facts from which
they may draw a legitimate conclusion. *Georgia Northern Ry.*
v. *Battle*, 22 *Ga. App.* 665 (1) (97 S. E. 94); *Dixon* v. *Cassels
Co.*, 34 *Ga. App.* 478 (3) (130 S. E. 75); *Oliff* v. *Howard*, 33
*Ga. App.* 778 (127 S. E. 821). What the witness "considers or
regards" to be the value of property is at least an expression
of opinion, and such evidence may be considered by the jury.
*Warren* v. *State*, 76 *Ga. App.* 243 (45 S. E. 2d, 726). In conse-
quence, the owner's statement that the value of the automobile
before the collision "would be worth certainly $1700 right at
that time," and that its value immediately afterwards "was
around $1200," although qualified by the statement that, "It is
my feeling that the difference in the value . . was $500,"
was admissible as opinion evidence, and was sufficient, when
taken in connection with the evidence as to the nature of the
property and the amount of damage inflicted, to have enabled
the jury to arrive at a verdict fixing the measure of damages.
The verdict, accordingly, is not so vague and speculative as to
be without evidence to support its amount.

■ The evidence was also sufficient to support the finding of
the jury that the plaintiff moved forward slowly in his line of
traffic after the intersection traffic light had turned green in

his favor, and that the defendant crossed the intersection against a red light, thus causing the collision. It follows, therefore, that the verdict is supported by the evidence and, having the approval of the trial court, will not be disturbed by this court.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*