35451. HAY, administrator, *v.* CARTER.

Decided February 15, 1955.

*C. E. Hay,* for plaintiff in error.

*Jesse J. Gainey,* contra.

QUILLIAN, J. ■ The measure of the plaintiff's damages was the difference between the market value of the automobile immediately before and its market value immediately after the collision. This is of course established by proof of those values. The only evidence introduced upon the trial of the case concerning these values was the testimony of the plaintiff.

This testimony was merely opinion evidence as to the value of the automobile after the collision, and was not binding upon the jury in fixing the values and determining the amount the plaintiff was entitled to recover. Code § 38-1709. It was held in *Birmingham Paper Company* v. *Holder,* 24 *Ga. App.* 630, 632 (101 S. E. 692), that the question as to market value of an article is peculiarly for the jury and jurors are not required to accept as correct the uncontradicted opinion or estimate of a witness as to the value of property, and may by their verdict place a lower value upon the property.

For the reasons assigned, it was error for the judge to direct the verdict.

■ The plaintiff states in his brief that he was not given notice prior to the certification of the bill of exceptions as required by Code (Ann. Supp.) § 6-908.1. In *Georgia Southern & Fla. Ry. Co.* v. *Williamson,* 84 *Ga. App.* 167 (65 S. E. 2d 444), this court

held that the failure of the judge to have the defendant in error notified of his intention to certify the bill of exceptions is not a reversible error.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*