39238. GARNER v. GWINNETT COUNTY.

DECIDED APRIL 6, 1962.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Dudley S. Hancock,* contra.

BELL, Judge. ■ Special ground 4 assigns as error the admission over objection of the testimony of the special master, a witness for the condemnor, to the effect that he arrived at the basis for his valuation of the property by talking to a number

of real estate men who were dealing in real estate in the neighborhood involved, and inquiring as to what price property there was selling. Special ground 5 similarly objects to the allowance of testimony of this witness as to his talking with the family of the condemnee and other people, and in testifying, ". . . I was advised that $250 an acre was sufficient, well worth it . . ." The condemnee's objection to the testimony was that it was hearsay.

Upon appeal to the superior court, the award of the special master is not competent evidence, and the appeal is a de novo investigation. *Code Ann.* § 36-612A. While we find nothing in the statute barring a special master from testifying, obviously the admission of his testimony must be governed by the applicable rules of evidence.

A lay witness may testify as to value, and one need not be an expert or dealer in the article, but may give his opinion as to value if he has had an opportunity of forming a correct one. *Code* § 38-1709. "Hearsay is generally not admissible as evidence. When it is inadmissible it has no probative value. But, in exception to the general rule, hearsay may be primary evidence of value. 'It is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay.'" *Landrum v. Swann*, 8 Ga. App. 209 (68 SE 862); *Harper Warehouse, Inc. v. Henry Chanin Corp.*, 102 Ga. App. 489, 492 (116 SE2d 641). See generally 159 ALR 7 et seq.

The trial judge did not err in admitting the testimony objected to in special grounds 4 and 5.

Special ground 5 further urges that the court's statement that "I think he eventually gave you his opinion on it," the value of the land taken and damaged was an expression of opinion on the evidence. By these words the trial court was merely giving expression to the fact that the witness had given an opinion on the subject. This comment is not interpretable as an expression by the court of an opinion as to what was proven by the evidence.

The trial judge properly overruled the motion for new trial upon special grounds 4 and 5.

■ Special ground 6 contends the trial court erred in

charging the jury it should take and deduct from consequential damages any consequential benefits to be derived from the alleged improvements made, since there is no evidence in the record from which the jury could determine the value of any consequential benefits.

Where there is no evidence in the record to show the value of the consequential benefits, it is error to instruct the jury on the subject. *State Highway Dept. v. Andrus,* 212 Ga. 737, 739 (95 SE2d 781), s. c., 93 Ga. App. 827 (93 SE2d 174). However, in this case, the condemnor's witness testified that he found benefits to the property in the amount of $200. This constituted some evidence as to the value of the consequential benefits to the remaining property.

The trial judge properly denied the motion for new trial on special ground 6.

■ Special ground 7 contends the trial judge erred in charging the jury as to the measure of consequential damages on the ground that the condemnor presented no evidence as to market value of the remainder of the condemnee's property before the taking or after the taking. The burden of proof is upon the condemnor to prove the value of the premises or the injury to it resulting from the taking. *Georgia Power Co. v. Brooks,* 207 Ga. 406 (4), 410 (62 SE2d 183); and *Georgia Power Co. v. Smith,* 94 Ga. App. 166 (94 SE2d 48).

The record reveals that the condemnor's witness testified that he found the value of the property to be $250, that he found consequential damages to the property in the amount of $500, and that he found benefits to the property in the amount of $200; that ". . . I would certainly eliminate the consequential benefits and in view of the fact that the benefit of the road has increased and improved his property"; that he gave consequential damages of $500, took off $200 for benefits, leaving a total of $300 damages "if he had any damages."

The foregoing testimony of the condemnor's witness fixed the value before the taking at $250 and then recited the dollar amounts of consequential damages and benefits. While his testimony did not, in so many words, state the value of the property after the taking, it was a matter of simple arithmetic for

the jury, if it accepted the testimony, to subtract the dollar sum of the benefits from the damages and arrive at the figure this witness fixed for the value of the property after the taking. In addition to this testimony offered by the condemnor, the condemnee offered evidence which was sufficient to authorize the charge on consequential damages. One witness for the condemnee testified the property was worth $7,000 before the taking, and had no value afterwards. Another of the condemnee's witnesses testified the property was worth $7,500 to $8,000 before the taking, and afterwards was worth $300 or $400.

If there were no evidence as to market value of the property before and after the taking, a charge as to consequential damages would be clearly erroneous. However, here there was in the record evidence as to consequential damages to the property sufficient to require the charge to be given upon this issue.

The trial judge did not err in overruling the motion for new trial on special ground 7.

■ Special ground 8 of the motion for new trial contends the trial judge erred in failing to instruct the jury that in reaching its verdict no juror shall act upon his or her private information or knowledge respecting the case.

It is elementary that it is the duty of the court, whether requested or not, to give the jury appropriate instructions on every substantial and vital issue presented by the evidence and on every theory of the case. However, the matter of the jury's acting upon its own private information or knowledge is not a substantial or vital issue presented by the evidence, nor is it a theory of any particular case so as to fall within the rule requiring charges without request.

In the absence of a written request, the trial judge did not err in failing to instruct the jury as to the prohibition against jurors acting upon their own private information in reaching a verdict.

■ We now consider the general grounds of the motion for a new trial. The witness for the condemnor placed the value of the property condemned at $250; fixed the consequential damage at $500 and fixed benefits to the property remaining in the amount of $200. The witnesses for the condemnee placed the value of the property as being from $7,000 to

$18,000. The jury returned a verdict to plaintiff in the amount of $500. Under all the evidence the lowest verdict which could have been rendered was $550, if the opinion of the witnesses as to value is to control.

Numerous cases have held that a jury is not bound by expert opinion as to market value. See *Atlantic &c. R. Co. v. Howard Supply Co.*, 125 Ga. 478 (2) (54 SE 530). Furthermore, even though the testimony of a witness as to value is uncontradicted, the jury is not required to accept it but has the right to consider the testimony as to the nature of the property involved and other facts or circumstances properly within their knowledge throwing light upon the question, and they may by their verdict place a lower value upon the property than that stated in the opinion or estimate given in evidence. *Georgia Northern R. Co. v. Battle,* 22 Ga. App. 665 (1) (97 SE 94). That the jury is not bound to accept the opinions of experts as to value seems firmly established where the property is personalty or the valuation of services is in litigation.

As with personalty, the jury is not bound to accept the valuation placed upon real porperty by the witnesses. 5 Nichols on Eminent Domain (3d Ed.) § 18.46, p. 189, et seq. See also *Bonds v. Brown,* 133 Ga. 451 (2) (66 SE 156) (Rental value of land). In the record before us there are other facts and circumstances such as plats of the property, its size and location, its elevation above the highway, and other matters which the jury had properly within its knowledge. The jury is not required to accept opinions of witnesses as to the lowest, the highest, or any intermediate valuations. Here the other evidence as to the nature of the property could justify the jury's placing the value below that of the minimum opinion valuation. A value fixed by the jury may be lower than the lowest opinion, provided the verdict is not palpably unreasonable under all the evidence. The jury verdict was for $50 less than the minimum opinion given as to the value and damage after deducting benefits. The verdict was supported by the evidence.

The trial court properly overruled the motion for a new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*