## 41873. HOUSING AUTHORITY OF THE CITY OF DECATUR v. SCHROEDER.

Submitted March 8, 1966—Decided March 18, 1966—
Rehearing denied April 1, 1966—

Deen, Judge. ■ The condemnor complains of an instruction to the jury: "Mrs. Schroeder contends that the property in question had been fully, or substantially fully, rented for some time prior to the time it became general knowledge in the neighborhood that it would be taken some time in the immediate future for urban renewal purposes. For this reason the rental units became vacant and she was unable to rent them because of the possible imminent taking of the property for urban renewal purposes. If you find this to be true, you may take into consideration the rent such property was producing or had recently produced at the time of taking and give it such weight as you find it to bear in arriving at just and adequate compensation for the owner." The objection was that "although that portion of the charge was abstractly correct," the wording would confuse the jury into thinking they could consider the loss of profits occurring prior to November 1964, when the petition was filed. The evidence shows that the property was a valuable one from the standpoint of return on investment and that it had stayed

fully rented up to the middle of 1963. At that time other properties were being taken for urban renewal purposes and it became known that this property would also be acquired, probably in the immediate future. Rentals immediately decreased and vandalism increased; by May 1964, only two units were rented, and the last tenant left on July 1. Two or three months before the petition was filed the property had been posted with a sign saying "Government Property - No Trespassing." By August one end of the street had been blocked. It thus appears that due to government action there was as a matter of fact a loss of profits for several months prior to the time when the condemnor filed the proceedings on which this trial is based.

Just and adequate compensation means putting the deprived landowner as nearly as possible back in the same monetary position he was in before the seizure occurred. The government may not depress the value of land, whether by signs causing the public to think the land has already been taken, or by public announcements indicating imminent seizure, so as to deprive the owner of the use to which the property is being put, and then contend that the depressed value is in fact the true value of the property on the date the technicalities of the "taking" have been performed. In Winepol v. State Roads Comm. of Md., 220 Md. 227 (151 A2d 723), it was held error to exclude evidence of income during the last two years the apartment house in question was rented and prior to the eminent domain proceeding which occurred two years later, since this evidence bore upon its true market value. In *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884), an instruction by the trial court was approved to the effect that one of the elements of just and adequate compensation, in the case of an owner who is operating a business and who is forced to move the business because the property is sought to be taken by a political subdivision of the State, is compensation for the loss of business as a separate item of damages. It is true that the condemnee here did not seek such damages, and in her brief specifically disclaims that the jury would be authorized to award any damages in addition to the market value of the property, so no question is raised as to whether the jury might have considered loss of rentals as a

separate item of damages. They were properly instructed that they might consider this factor in arriving at just and adequate compensation, which the court elsewhere charged would be the market value of the property.

■ The remaining criticism of portions of the charge will not be considered as it does not appear that objection was made to these excerpts in the trial court. *Code Ann.* § 70-207 (a).

■ In reply to a question as to the value of the property taken, Mrs. Schroeder replied: "Well, I just think I should get between $30,000 and $40,000, thirty to get the proper income that I was getting each month, to invest it." The answer was obviously unresponsive to the question and showed that the condemnee was basing the amount of recovery by her on a factor not in evidence and having no relation to the value of the property—that is, on her future plans for investment of the money to be received. She further stated that the amount she wanted depended on how much she would have to pay for other property to get the amount of income she had been getting, $280 per month, but that she had had no experience in trying to buy real estate. This estimate, accordingly, must be ignored in considering the range of the evidence as to value. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). Other estimates, all based on capitalization of rental value, were $10,500, $11,000, $16,825, and $20,160. The jury returned a verdict of $21,750 which was $1,590 higher than the highest estimate given. It has frequently been said that the jury is not absolutely bound by the testimony of expert or opinion witnesses as to value, and it has frequently been held that if the verdict is within the range of the evidence it is sufficiently supported. "A jury must arrive at their verdict from evidence regularly produced in the course of the trial proceedings, and may properly call to their aid their own knowledge, learning and experience, and any information gained from a view of the premises in weighing the evidence, but their verdict must be supported by evidence and cannot rest solely upon a view of the premises or their knowledge of the value of land." *State Hwy. Dept. v. Andrus,* 212 Ga. 737, 739 (95 SE2d 781). The jury in this case had ample evidence as to the location and condition of the houses, photo-

graphs, and so on. No use of the premises was suggested by any witness except the use to which the property was being put at the time of the seizure, which was non-white rental housing. All four estimates given by witnesses were based on capitalization of the known income-producing capabilities of the property, its location, condition, and past rental experience. Thus the jury here were provided with all facts upon which the opinions of the witnesses were based, and they could, in construing this evidence and using their own method of arriving at a capitalization figure based on income, reach a different figure from any of those given by the witnesses, even though the figure was slightly higher than that given by any of the persons testifying. *Chalker v. Raley,* 73 Ga. App. 415 (37 SE2d 160); *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226); *Sammons v. Copeland,* 85 Ga. App. 318 (69 SE2d 617). There was ample evidence to support the verdict.

*Judgment affirmed. Nichols, P. J., concurs. Hall, J., concurs in Divisions 2 and 3 and with the judgment.*