## 41719. GEORGIA POWER COMPANY v. HARWELL.

BELL, Presiding Judge. Georgia Power Company brought these proceedings to acquire an easement across land owned by James H. Harwell, Sr. A jury trial was had, and condemnor brought this appeal from the trial court's judgment on the verdict. *Held:*

1. The jury returned a verdict for condemnee for $1,020 actual damages and $3,180 consequential damages. Before judgment was rendered on the verdict, the condemnee voluntarily wrote off $201 of the finding of actual damages for the taking and $90 of the finding of consequential damages, thus reducing the amounts for actual damages and consequential damages respectively to $819 and $3,090, a total of $3,909. Excepting witness Harwell's estimate of actual damages, these

figures as reduced were the highest estimates in the testimony as to damages. The trial court entered judgment for condemnee based on the verdict as reduced. The fifth ground of error enumerated alleges that the trial court erred in allowing condemnee to remit portions of the verdict. Ground 6 asserts that the verdict and judgment were excessive even after the voluntary remission of portions of the verdict. "Market value may be established by either direct or circumstantial evidence. *Atlantic C.L.R. Co. v. Harris*, 1 Ga. App. 667, 669 (57 SE 1030); *Landrum v. Swann*, 8 Ga. App. 209 (2) (68 SE 862); *Farm Products Co. v. Eubanks*, 29 Ga. App. 604, 607 (116 SE 327). On this issue, the jury 'are not absolutely bound even by the uncontradicted testimony of experts, but may consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict, provided there are in evidence sufficient facts from which they may draw a legitimate conclusion.' *Grant v. Dannals*, 87 Ga. App. 389, 391 (74 SE2d 119). 'Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their "own knowledge and ideas."' *Dixon v. Cassels Co.*, 34 Ga. App. 478 (3) (130 SE 75). See also, *Atlantic C.L.R. Co. v. Clements*, 92 Ga. App. 451, 455 (88 SE2d 809); *Childs v. Logan Motor Co.*, 103 Ga. App. 633, 639 (120 SE2d 138)." *Sun Ins. Co. v. League*, 112 Ga. App. 625, 626 (145 SE2d 768). The original verdict here was not far disparate from the opinion evidence of value, and moreover, there were ample data and circumstances shown by the evidence which authorized the jury to return a verdict higher than the opinion evidence indicated. "It is well settled that one may voluntarily release a portion of a verdict in his favor when it does not prejudice the rights of the other party." *Central of Ga. R. Co. v. Perkerson*, 112 Ga. 923, 935 (38 SE 365, 53 ALR 210); *Griffin v. Witherspoon*, 8 Ga. 113; *Augusta R. Co. v. Glover*, 92 Ga. 132, 148 (15) (18 SE 406); *Mayor &c. of Brunswick v. Tucker*, 103 Ga. 233, 235 (29 SE 701, 68 ASR 92). Where it does not appear that the trial court disapproved the original verdict or that it was so excessive as to indicate bias or prejudice on the part of the jury, the judgment of the trial court allowing a voluntary reduction of the verdict is not cause for a new trial. *Savannah, F. & W. R. Co. v. Godkin*, 104 Ga. 655, 658 (4) (30 SE

378). See also *Seaboard A. L. R. v. Randolph*, 129 Ga. 796, 798 (59 SE 1110). The fifth and six grounds enumerated are without merit.

2. The first enumeration complains of the following part of the court's charge to the jury: "I charge you that in estimating the value of the easement for right of way across the lands when taken for public uses, you are not restricted to its agricultural or productive qualities. But inquiry may be made as to all other legitimate purposes to which the property could be appropriated or used." There was evidence in the record from which the jury was authorized to find that the land was suitable for use as residential building sites apart from agricultural operations. "The court is authorized to charge that the jury may consider other uses to which the land being taken may be put where there is either evidence of other uses or evidence from which the jury could infer that there was reasonable probability that the land could be used for other purposes." *State Hwy. Dept. v. Green*, 109 Ga. App. 743 (1) (137 SE2d 397); *State Hwy. Dept. v. Ferguson*, 112 Ga. App. 875, 876 (147 SE2d 18); *Moore v. State Hwy. Dept.*, 221 Ga. 392 (144 SE2d 747).

3. The seventh and eighth enumerations allege that the court erred in failing to exclude the testimony of certain witnesses. In each instance condemnor made no objection to the admission of this evidence until after examination of the witness was concluded by both sides. It is too late to urge objections to the admission of evidence after it has been admitted without objection. *King v. State*, 21 Ga. 220, 225 (4); *Holmes v. Burkett*, 98 Ga. App. 189, 191 (105 SE2d 236); *Barrow v. Georgia Lightweight Aggregate Co.*, 103 Ga. App. 704, 716 (120 SE2d 636).

4. The portion of the trial court's charge complained of in the third enumeration, although erroneous, was harmless. The second and fourth enumerations are without merit.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED JANUARY 11, 1966—DECIDED MAY 11, 1966.

*Russell & McWhorter, T. Penn McWhorter*, for appellant. *James W. Paris, G. Wesley Channell*, for appellee.