45508.   STATE HIGHWAY DEPARTMENT v. CHANCE et al.

JORDAN, Presiding Judge. The State Highway Department appeals from a verdict and judgment for the acquisition of a right of way for a limited access highway in Twiggs County across a rectangular tract of land principally owned by Mrs. S. V. Chance. The jury awarded Mrs. Chance $6,000 for the taking of 12.05 acres of land, $18,000 in consequential damages to the remaining tract of about 45 acres south of the highway, $2,000 in consequential damages to the remaining tract of about 47

acres north of the highway, and $1,000 in consequential damages for loss of crop allotments. The trial judge overruled the condemnor's motion for a new trial. *Held:*

1. Various enumerations involving the admissibility of the testimony of a witness, Faulk, and the testimony of the principal condemnee, Mrs. Chance, with respect to value and consequential damages are argued collectively, on the premise that the witnesses testified without stating the facts on which they gave their opinions.

The testimony of Faulk discloses that he owned a life interest in 428 acres of land in Twiggs County and had been a farmer for 32 years. He lived about 8 miles by road from Mrs. Chance's property and had been acquainted with it all of his life. He stated further that he was familiar with property values, that Mrs. Chance's land was "more suited for farming than any other thing," and that property values are determined by the capabilities of the land and the amount of money the land is capable of producing. He defined market value as the amount of money property would bring at an open sale. He explained two other sales of land at prices well below this estimate, referring to one as a family affair, although sold at public auction, and the other as the sale of a gully. He placed a market value of $500 per acre on Mrs. Chance's land, and estimated a depreciation in value of 75% to the south tract, and 50% to the north tract, pointing out that the south tract was landlocked, that "she's cut off from her water" and that the division of the land would create difficulties in using it for farming.

Mrs. Chance testified she had lived in sight of the property for 67 years, and had farmed it, together with her late husband who died in 1967, for 35 years. She testified further concerning the productivity of the land, and the effect of the right of way in creating a landlocked situation on the south tract, limiting access to a water supply. She also referred to discussions with others in the community concerning land values. Her opinion as to value and consequential damages are substantially the same as those of Faulk.

As shown above, the premise on which the State Highway Department attacks the testimony of these witnesses is clearly with-

out foundation, for each witness did give the reasons for his or her opinion. Where the issue for the jury "shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." *Code* § 38-1708. One need not be an expert to testify as to value if he has had an opportunity for forming a correct opinion. *Code* § 38-1709.

There is no merit in the contentions of the State Highway Department in respect to the admissibility of the opinions of these witnesses.

2. In two enumerations the State Highway Department complains of the instructions of the trial judge in stating the contentions of Mrs. Chance as to value and consequential damages without stating the contradictory contentions of the State Highway Department. Counsel duly objected to these instructions at the conclusion of the charge, on the basis that these instructions amounted to an expression of opinion, and that the court, having charged the amount claimed by the condemnee should have charged the amount claimed by the condemnor to compensate Mrs. Chance.

The contention that these instructions were an expression of opinion is not argued here, and, from a review of all of the instructions, is entirely without foundation. While we agree with the condemnor that the trial judge, if he undertakes to state the contentions of any party, should cover the contentions of all parties, we remain unpersuaded that the remarks of the trial judge, in stating the amount claimed by Mrs. Chance, committed harmful error to support a reversal. The trial judge repeatedly made it clear that the value of the land and consequential damages to the remainder were matters solely for the jury to determine from the evidence under the rules of law given in charge, and that he had no opinion and expressed no opinion.

From a reading of the transcript of the evidence which the jury had for consideration it is also abundantly clear that irrespective of what the judge may have stated in his instructions in regard to the contentions of either party the jury must have been well aware of these contentions, and of the ultimate responsibility of the jury to resolve the matter.

3. Two enumerations complain of the instructions with respect to

the effect of the circuity in travel required to reach the south tract of land. These instructions as given are in accord with the comments and include the qualification suggested in *Southwell v. State Hwy. Dept.,* 104 Ga. App. 479 (2) (122 SE2d 131).

4. The remaining enumerations are directed to the sufficiency of the evidence to support the verdict and judgment, including the contention that the verdict is excessive. No contention appears to be made, however, that the award of $2,000 in consequential damages for the north tract is unsupported by the evidence or excessive as a matter of law.

Obviously the award of $6,000 for the taking of 12.05 acres of land is based on the valuation of Faulk and Mrs. Chance of $500 per acre. Using this same valuation and the estimated 75% depreciation of the landlocked tract, as estimated by Faulk and Mrs. Chance, the value of consequential damages to the south tract is $16,875, whereas the jury awarded $18,000. Although a jury is not bound by the exact limits of the evidence it would appear that this portion of the verdict is unduly generous and it may be indicative of undue bias.

We also find no basis in the evidence for the award of $1,000 additional consequential damages for the loss of crop allotments. Although there is much testimony to show the market value of the crop allotments and to show that the taking of the land would result in reduced allotments, in our view this testimony is merely illustrative of a matter affecting the market value of the land being taken, and diminishing the value of the remainder, and discloses no basis for the allowance of additional consequential damages which would represent a double award for the same loss. Also, under the evidence of the market value of these allotments, no substantial basis appears to establish a value of $1,000.

In view of the above we regard the verdict as excessive as a matter of law in the particulars stated.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*
ARGUED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 25, 1970—
REHEARING DENIED OCTOBER 8, 1970

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Andrew W. McKenna, James G. Maddox,* for appellant.

*Beverly B. Hayes,* for appellees.