### 51901. SENTRY INSURANCE v. HENDERSON.

EVANS, Judge.

David E. Henderson owned a Dodge van automobile, which was insured against theft by Sentry Insurance, a mutual company. In September, 1973, during a trip to Florida, the automobile was either stolen or disappeared from a motel where it was allegedly parked. Henderson immediately notified the local police that the truck had been stolen and he returned to Atlanta the same day. The following day he notified his insurance company that the truck had been stolen. It was later located and impounded by the Sheriff's Department of Palm Beach, Florida, as it contained a load of marijuana.

· The Florida authorities demanded impoundment fees of $485.97 for the release of the vehicle, and on Henderson's request of the insurance company that it pay same, the insurer refused to do so. The automobile was then released to the Bank of the South, the first lienholder, who paid the impoundment charges of $485.97. Henderson then notified the insurance company that the first lienholder had possession of the automobile and refused to deliver same to him unless the sum of $485.97 was paid. He requested the insurance company to pay same. The insurer refused. Henderson advised the insurance company that the bank was going to sell the van unless the bank was reimbursed for the sum it had paid out, in which case he would hold the insurance company liable for any and all damages sustained as a result thereof.

The automobile was sold by the bank, and Henderson, as plaintiff, sued Sentry Insurance, as defendant, for the breach of the policy, plus 25% penalty as damages for defendant's bad faith, plus reasonable attorney fees for prosecution of the claim.

Defendant denied liability and after discovery and trial before a jury, a verdict and judgment was rendered in favor of the plaintiff for the sum of $5,191.95 (reduced to $4,900 in the judgment) as actual damages, $1,298 for bad faith, and $2,163 as attorney fees. Defendant appeals. *Held:*

1. The first two enumerations of error complain of the failure of the court to grant its motions for directed verdict (at the conclusion of plaintiff's evidence and again at the close of all evidence). Defendant contends that its theft policy did not cover a legal confiscation, but the evidence before the jury and the court was sufficient to authorize a finding that the vehicle was first stolen, then recovered and confiscated by the Florida police authorities. Neither of the litigants has cited any Georgia cases in support of their positions. As to defendant's claim of a failure of the plaintiff to prove the value of said vehicle prior to its disappearance, the evidence was ample to authorize the jury to make a finding as to that value. Plaintiff never did recover the vehicle, hence it was not necessary to prove the value of

same after it was recovered. The evidence authorized the verdict.

2. The third enumeration of error is that the court erred in overruling the defendant's motion for directed verdict on the issue of bad faith and attorney fees, contending this was not a loss covered by the policy — the vehicle having been confiscated because of possession of marijuana by the plaintiff. Yet the insurer knew that plaintiff was tried and acquitted of the charge. The evidence was ample to show the vehicle was first stolen or disappeared under mysterious circumstances. This, plus the cancellation of plaintiff's insurance policy, constituted evidence sufficient to authorize the jury's finding against the insurer on the issues of bad faith and attorney fees. The defendant contends that if the question of liability is a close one in the furtherance of justice, the court should see to it that verdicts which legally carry a penalty of bad faith are not allowed to stand. But this is not one of those cases in which the question of liability is close or the facts are in dispute so that the insurer has reasonable grounds to contest the claim that no penalty should be permitted. Here there was no reason or probable cause submitted in evidence that the automobile was not in fact stolen. The mere fact that marijuana was later found in the vehicle, and plaintiff was charged with possession of marijuana, is of no aid to the insurer as it knew he was tried and acquitted of such charge, and is totally insufficient to create a reasonable ground on the part of the defendant to contest the claim of liability. See in this connection *Hartford Fire Ins. Co. v. Lewis,* 112 Ga. App. 1 (2) (143 SE2d 556). As stated in *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (3) (177 SE2d 105) there must be a reasonable ground for an insurer to contest a claim. A mere suspicion of wrongdoing is insufficient. The insurer continued to litigate even after it knew plaintiff was acquitted of the marijuana charge.

3. The fourth enumeration of error complains of failure to charge on the measure of damages as to the loss of the vehicle. The defendant cites *Ryder Truck Rental, Inc. v. Gianotos,* 113 Ga. App. 81, 85 (147 SE2d 448). But here no property was recovered, and defendant insurer, though requested so to do, made no effort to recover the

vehicle. The evidence before the jury on damages was that immediately prior to the theft the vehicle was worth $4,600 or $4,700, and plaintiff had been without use of the automobile for over two years.

4. The vehicle was fairly new, having been purchased in 1973, and the bill of sale showed its value thereon some three months prior to its loss. This evidence was relevant and material as to the reasonable market value three months after purchase. See *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141 (8) (186 SE2d 559). The purchase price is prima facie, but not conclusive, evidence of its value at time of purchase. *Nashville, Chattanooga &c. R. v. Bass,* 32 Ga. App. 457 (123 SE 729); *City of Jeffersonville v. Cotton States Belting &c. Co.,* 30 Ga. App. 470 (118 SE 442). The selling price is always relevant as a circumstance to be considered with all other circumstances, to establish value. *Collins & Glennville R. Co. v. Beasley,* 36 Ga. App. 241 (136 SE 167). Considered with the other evidence as to the value of the van, the court did not err in allowing the bill of sale in evidence.

5. During the trial, plaintiff voluntarily admitted that he had been convicted of several crimes involving moral turpitude. The trial court thereafter declined to admit a certified copy of two of the convictions which had been previously admitted on direct examination. The sole ground for the admission of these documents was for impeachment purposes and to attack the credibility of the plaintiff. But here the plaintiff had already admitted the convictions on direct examination. The court did not err in excluding these certified copies which could not be used to impeach his credibility, the witness having admitted existence of same.

6. The jury returned a verdict of $5,191.95 in actual damages which the court reduced to $4,900 in the judgment. There was ample evidence admitted in the form of data on which the jury could have exercised its own ideas and knowledge. See Code § 38-102. A jury may consider the nature of the property involved and any other facts and circumstances within their knowledge in arriving at a verdict providing there is evidence of sufficient facts from which they may draw from their own experience in reaching a conclusion. See *Grant v.*

*Dannals,* 87 Ga. App. 389, 391 (74 SE2d 119); *Dixon v. Cassels Co.,* 34 Ga. App. 478 (3) (130 SE 75); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 455 (88 SE2d 809); *Childs v. Logan Motor Co.,* 103 Ga. App. 633, 639 (120 SE2d 138); *Sun Ins. Co. v. League,* 112 Ga. App. 625, 626 (112 SE2d 625). There was no evidence of bias and prejudice on the part of the jury which would show its verdict was excessive. Plaintiff has not objected to reduction of the actual damages, hence, this amount is final.

7. During the charge, the trial judge instructed the jury that they would look to the policy to determine coverage and if there was any liability under it. Error is here enumerated under the contention that it is in the province of the jury to construe unambiguous contracts, and thus it was error to submit such question to the jury. But no objection was made at the completion of the charge in accordance with Code Ann. § 70-207. Defendant admits this is true, but contends this was substantial error, and the charge was harmful as a matter of law and should be reviewed by this court. We do not agree. See in this connection *Nathan v. Duncan,* 113 Ga. App. 630, 631 (6) (149 SE2d 383); *Mack v. Barnes,* 128 Ga. App. 328, 329 (1) (196 SE2d 684); *Durrett v. Farrar,* 130 Ga. App. 298, 306 (8) (203 SE2d 265).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Argued March 1, 1976 — Decided April 16, 1976 — Rehearing denied April 29, 1976 — ▮▮▮▮▮▮▮

*James H. Weeks,* for appellant.
*Karp & Karp, Barry A. Karp,* for appellee.