## 57424. DEPARTMENT OF TRANSPORTATION v. DRIGGERS et al.

QUILLIAN, Presiding Judge.

This was a condemnation proceeding against 18.969 acres of land belonging to Mr. Johnnie T. Driggers, for the right of way for Interstate Highway 16 (I-16). The Department of Transportation determined that $18,535 was "just compensation for said parcel, and any consequential damages," and paid that amount into court. The condemnor and condemnee each presented the testimony of two expert witnesses. The range of damages was from $18,100 to $28,528.75. A combination of the highest estimates for each category of property taken, and consequential damages, amounted to $30,253.75. The jury returned a verdict for the condemnee for $34,587. The condemnor appeals. *Held:*

Testimony as to value of property is opinion evidence. Code Ann. § 38-1709 (Code § 38-1709). Opinion testimony does not establish any fact, as a matter of law, therefore a juror should not be bound by opinion testimony of witnesses as to value, even though it is uncontradicted. 5 Nichols on Eminent Domain (3d Ed.) 18-233, 18-237, § 18.46. Probative value of opinion testimony is entirely for the judgment and decision of the trier of fact (*Anderson v. Anderson,* 27 Ga. App. 513 (4) (108 SE 907)) and the jurors

are not required to accept as correct, even the uncontradicted opinions of expert witnesses as to value (*Hayes v. Carter,* 91 Ga. App. 540, 541 (86 SE2d 532); *Hoard v. Wiley,* 113 Ga. App. 328, 334 (147 SE2d 782)), "but may consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict, *provided there are in evidence sufficient facts from which they may draw a legitimate conclusion. Grant v. Dannals,* 87 Ga. App. 389, 391 (74 SE2d 119)." *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 654 (149 SE2d 376) (Emphasis supplied.); Accord, Shoemaker v. United States, 147 U. S. 282, 283, 306 (13 SC 361, 37 LE 170); 5 Nichols on Eminent Domain (3d Ed.) 18-233, § 18.46, supra. Also, in *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428), a whole court case, we held that the "[j]urors are not absolutely bound to accept as correct the opinions of witnesses as to value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other facts or circumstances properly within the knowledge of the jury which throws light upon the question, and by their verdict, *may fix either a lower or higher value upon the property than that stated in the opinions and estimates of the witnesses.*" Id. at 402-403. Thus, where expert testimony as to value is submitted, jurors — "even if such testimony be uncontradicted, may exercise their independent judgment; and there is no rule of law which requires them to surrender their judgment, or give a controlling influence to the opinions of scientific witnesses." The Conqueror, 166 U. S. 110, 111 (17 SC 510, 41 LE 937).

Our Supreme Court held that "[a] jury must arrive at their verdict from evidence regularly produced in the course of the trial proceedings, and may properly call to their aid their own knowledge, learning and experience, and any information gained from a view of the premises in weighing the evidence, but their verdict must be supported by evidence and cannot rest solely upon a view of the premises or their knowledge of the value of land . . ." *State Hwy. Dept. v. Andrus,* 212 Ga. 737, 739 (95 SE2d 781).

In the same manner, the measure of consequential

damages is also a matter of opinion (*Ga. Power Co. v. Manley,* 47 Ga. App. 431, 433 (170 SE 543)), and the jury is not compelled to accept the opinion of the expert regarding diminution of value of property. *Hogan v. Olivera,* 141 Ga. App. 399, 402, supra. In the instant case, the fence marking the I-16 right of way was 55 feet from the condemnee's house. It strains credulity beyond the breaking point to accept the opinions of the state's expert witnesses who testified that locating an interstate highway 55 feet from a person's residence would not result in any diminution of value of that person's home. In *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (1) (199 SE2d 275) (cert. den.), we found no error in a charge dealing with "possible diminution in value of the dwelling because of its proximity to the interchange and the new interstate highway" because of the "heavy traffic and the resulting noise . . ."

In the instant case, as in *Hogan v. Olivera,* supra, there were additional facts upon which the jurors could base their opinion. There was the testimony of four expert witnesses, but their verdict must be supported by evidence. Included within their testimony was the procedure and basis by which they arrived at their opinion — including comparable sales of similar property. Evidence of comparable sales was introduced which showed values of $800, $900, $940, $1,000 and $1,200 per acre. Such evidence may be considered in establishing value of the property being condemned. *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60 (2) (150 SE2d 327). The highest value placed upon the condemnee's land was $750 per acre. There was evidence of the specific amount of timber for sawing and pulpwood. The state's expert witness stated that the soil was grade 2 — grade 1 being the highest and best of 7 different grades. There was evidence submitted by an aerial photograph, engineer plat, and photographs of the house, surrounding fence, pasture fences, outbuildings, storage sheds, tobacco barn, wooded land and cultivated land. As the jury was authorized to visit the premises (*Southern v. Cobb County,* 78 Ga. App. 58, 59 (50 SE2d 226), 5 Nichols on Eminent Domain (3d Ed.) 18-63, 18-76, §§ 18.3, 18.31[1]), this was tantamount to visiting the premises. This type of

evidence, together with the testimony of the expert witness, is a sufficient basis for jury determination of market value of the property in question. *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60 (1), supra; *Hogan v. Olivera,* 141 Ga. App. 399, 404, supra; *State Hwy. Dept. v. Andrus,* 212 Ga. 737, 739, supra.

This court has held that "[s]ince the jury had before it the relevant and pertinent facts upon which an estimate of value must be made, and since it is not absolutely bound to accept as correct the opinions or estimates of the witnesses [cit.], but may arrive at a different figure, *even though such figure is somewhat higher or lower* than that to which any witness has testified [Cit.], provided it is within the range of all the evidence from which value may be determined, it follows that the fact that the figure set by the jury as the value of the land taken was ... *below the lowest estimate given* by any expert witness is not cause for reversal." (Emphasis supplied.) *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60 (1), supra; accord, *Garner v. Gwinnett County,* 105 Ga. App. 714, 719 (125 SE2d 563). See also *McLendon v. City of LaGrange,* 47 Ga. App. 690 (3) (171 SE 307); *Southern v. Cobb County,* 78 Ga. App. 58 (2), supra; *Sammons v. Copeland,* 85 Ga. App. 318, 321 (69 SE2d 217); *Baker v. Richmond City Mill Works,* 105 Ga. 225, 227 (31 SE 426); *McCarthy v. Lazarus,* 137 Ga. 282 (2) (73 SE 493); *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2, 3 (102 SE2d 492); *Ginn v. Morgan,* 225 Ga. 192, 193 (167 SE2d 393).

Later, this court added a proviso in *Hogan v. Olivera,* 141 Ga. App. 399, 402, supra, that the "value fixed by the jury could be higher or lower than that of the opinion, provided the verdict is not palpably unreasonable under all the evidence." See Code Ann. § 105-2015 (Code § 105-2015); 5 Nichols on Eminent Domain 17-4, § 17.1 [1].

In *Housing Authority &c. of Decatur v. Schroeder,* 113 Ga. App. 432 (3) (148 SE2d 188), we affirmed a jury finding in a condemnation proceeding "which was $1,590 higher than the highest estimate given ..." Although our judgment was reversed on appeal on another ground (*Housing Authority &c. of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226)) we found that the "jury in this case had ample evidence as to the location and condition of the

houses, photographs . . .", as in the instant case, to reach their verdict. Id. Further, in *Sun Ins. Co. v. League,* 112 Ga. App. 625 (1) (145 SE2d 768), and *Sentry Ins. v. Henderson,* 138 Ga. App. 495, 498 (226 SE2d 759) we also affirmed judgments in which the jury found the value of damages higher than the highest estimate offered by experts as to the value of automobiles.

A composite of the decisional references would establish the rule that market value is a matter of opinion, and may be established by direct as well as circumstantial evidence, it is peculiarly a matter for the jury, and the jury is not absolutely bound even by uncontradicted testimony of experts, but may consider the nature of the property involved, together with any other fact or circumstance properly within the knowledge of the jury which tends to establish the value of the property, and may arrive at a different figure than that of the experts, higher or lower, where the verdict reached is not so disparate as to justify an inference of gross mistake or undue bias.

Nichols concludes that appellate courts should be reluctant to interfere "when the question of quantum" of the judgment is the subject of review, and a verdict should not be disturbed unless the "amount of the award is grossly inadequate or excessive." 5 Nichols on Eminent Domain 17-12, 17-33, §§ 17.1 [4], 17.3. The United States Supreme Court agrees that "[a]n appellate court will not interfere with the report of commissioners, (or appraisers) [the jury verdict in the instant case] in such case, to correct the amounts reported, except in case of gross error showing prejudice, corruption or plain mistake." Shoemaker v. United States, 147 U. S. 282, 283, 306, supra.

Accordingly, as this court has previously approved at least two condemnation cases in which the verdict of the jury was below the minimum estimated value of the experts (*Garner v. Gwinnett County,* 105 Ga. App. 714, supra; and *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60 (1), supra), and one condemnation case in which the verdict was higher than the highest estimate of the experts (*Housing Authority &c. of Decatur v. Schroeder,* 113 Ga. App. 432 (3), supra), we now find that the jury verdict in

the instant case is supported by the evidence of record, upon which the jury could base a valid opinion of market value, and as their verdict is not so disparate as to justify any inference of gross mistake or undue bias it should be approved.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 12, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED JUNE 13, 1979 —

*Spivey & Carlton, Robert S. Reeves,* for appellant. *Ogden Doremus,* for appellees.

ON MOTION FOR REHEARING.

1. The Department of Transportation argues that we "apparently either overlooked or misconstrued the case of *State Highway Department v. Chance,* 122 Ga. App. 600." This court neither overlooked nor misconstrued *Chance.* The case was accented in the brief of counsel — even though they misconstrued its holding. Counsel's brief stated *Chance* "held where the jury's verdict exceeds the highest evidence given during the trial, the verdict must be reversed and is excessive as a matter of law." In *Chance* this court held: "Although a jury is not bound by the exact limits of the evidence it would appear that this portion of the verdict is unduly generous and it may be indicative of undue bias." We discern a distinct difference between that which was held and that which is now argued. The holding of *Chance* is consistent with our present holding. In *Chance* the court used the figures and testimony of the witnesses of "a market value of $500 per acre . . . and estimated a depreciation in value of 75% to the south tract," in arriving at a maximum depreciation figure of $16,875 to the south tract, whereas the jury awarded $18,000. As the consequential damages to the south tract was $1,125 higher than the highest estimate, we held the verdict "excessive as matter of law . . ."

This court refuses to get into a "numbers" distinction involving various decisions of this court, but where the court is charged with misconstruing a decision we would

like for it to be noted that the jury award in *Chance,* $1,125 higher than the highest estimate, was only 6.6% over the high estimate. In the main opinion we have cited precedents which predated *Chance.* For example, in *Housing Authority &c. of Decatur v. Schroeder,* 113 Ga. App. 432, supra, a verdict of $21,750 was $1,590 higher than the highest estimate of $20,160. Thus, although the award was 7.8% higher, those three judges did not find that higher percentage excessive as a matter of law under the facts of that case. Also, in *Garner v. Gwinnett County,* 105 Ga. App. 714, supra, the verdict of $500 was $50 below the lowest estimate — or 10% below the lowest amount. This court found that the 10% difference between the verdict and estimate did not reflect undue bias as a matter of law. *Chance* did not reflect consideration of these precedents or the rules cited in our opinion in the instant case for an appellate court reversing a jury verdict being excessive as a matter of law. All cases applied the same rule, but under the facts of each case each judge arrived at his decision.

2. The Department of Transportation also states that this court "apparently overlooked the fact that the figures testified to by the condemnee's witnesses, which were exceeded by the jury's verdict in the sum of approximately $6,000.00, included figures for consequential damage to the residence located on the condemned property. This is apparent because the court's decision . . . states that 'It strains credulity beyond the breaking point to accept the opinions of the state's expert witnesses who testified that locating an interstate highway 55 feet from a person's residence would not result in any diminution of value of that person's home.' "

The main opinion cited the range of the evidence — from the low of $18,100 by the state's expert, to that of $28,528.75 of Mr. Drigger's expert — which included the depreciated value of the house. Furthermore, we also included the depreciated value of the house in the $30,253.75 maximum combination of all estimates. We cited the testimony of the state's expert as to lack of diminution of value of a residence when an interstate highway's right of way is placed 55 feet from the home of an individual as showing a possible reason for the jury's

failure to accord credence or credibility to estimates of the state's experts.

3. All of the grounds enumerated in the motion for rehearing are without merit.

*Motion for rehearing denied.*