## 60684. PIEDMONT BUILDERS, INC. v. FULLERTON.

BIRDSONG, Judge.

This appeal urges that the trial court entered an erroneous verdict that was not supported by the evidence and was based on a faulty charge. The appellant, Piedmont Builders, Inc., sued Sam Fullerton for $1,206.50 due on an open account for building materials. Fullerton counterclaimed for breach of construction contract and damages arising from appellant's alleged negligent construction of Fullerton's house. At trial, the judge directed a verdict for Piedmont Builders in the amount sought, $1,206.50; and instructed the jury to deduct this amount from any damages, in excess of that amount, that it found due Fullerton from Piedmont Builders. The jury returned a verdict for Fullerton in the amount of $2,000, and the trial court entered final judgment in the case to defendant Fullerton in that amount. *Held:*

1. Appellant Piedmont Builders urges that the verdict and judgment are contrary to the evidence because at the most Fullerton showed only that as a result of Piedmont's faulty work the property was diminished in value by $2,800 leaving a possible verdict of only $1,593.50 for Fullerton after deducting the amount of Piedmont's directed verdict ($1,206.50) against him. Further, Piedmont contends Fullerton never sought to mitigate his damages, showed no contract or agreement by which the jury could have measured a

breach, presented as his basis for depreciation a replacement cost which far exceeded the contract price, and gave no evidence of the difference between fair market value of the house if constructed properly and fair market value at the time of the alleged breach. For these latter propositions, by which Piedmont alleges the evidence is deficient, Piedmont urges no argument or citation of authority to support its statements that these faults infected the verdict and judgment, except as to Fullerton's failure to mitigate his damages. Accordingly, these allegations urging that the deficiencies in the evidence infected the verdict which are not supported by argument or citation of authority are deemed waived. *Wilkie v. State,* 153 Ga. App. 609 (266 SE2d 289). We find, moreover, that they are without merit. Appellant did not object to the expert's valuation of the damage and did not prove it to be otherwise. No contract was introduced in the case, but appellee proved his allegations of defective and negligent workmanship and the evidence therefore supports the verdict.

As to the appellee's failure to mitigate his damages, the appellant concedes that the measure of damages in cases of this sort is the difference in value of the house as finished and the value of the house as it should have been finished. *Windsor Forest v. Rocker,* 115 Ga. App. 317 (154 SE2d 627); *Spainhour v. Nolind,* 97 Ga. App. 362 (103 SE2d 154); *Small v. Lee & Bros.,* 4 Ga. App. 395 (61 SE 831); Kuniansky v. Overmyer Warehouse Co., 406 F2d 818, appeal after remand, 419 F2d 1280, cert den., 398 U. S. 905 (90 SC 1697, 26 LE2d 64). The plaintiff is thus compensated for the difference in value between what the builder built and what he should have built, and whether the plaintiff mitigated his damages is not only irrelevant to, but is inconsistent with, the calculation of damages in such cases.

The jury's verdict for Fullerton was in effect $406.50 more than the highest monetary estimate which could form the basis for valuing the difference between what the builder built and what he should have built. The jury, however, is not bound by the exact limits of the evidence. *State Hwy. Dept. v. Chance,* 122 Ga. App. 600 (178 SE2d 212); see *Dept. of Transp. v. Driggers,* 150 Ga. App. 270, 275 (257 SE2d 294), nor is it required to accept as correct even uncontradicted opinions of expert witnesses as to value. *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428); *Hoard v. Wiley,* 113 Ga. App. 328, 333 (147 SE2d 782); *Hay v. Carter,* 91 Ga. App. 540, 541 (86 SE2d 532). The jury may consider the nature of the property involved and any other facts or circumstances within their knowledge, and a verdict which exceeds or falls short of the value testified to will be sustained where there are sufficient facts in evidence from which they may draw a legitimate conclusion, and the verdict is not palpably unreasonable under all the evidence so as to be

excessive as a matter of law. *Hogan, Hoard, Hay,* supra. Fullerton, who paid $53,500 for this house in 1976, described the basement of the house appellant built as a "swimming pool" which flooded more than an inch deep in water during heavy rains. According to the testimony, the "unfinished" basement was so unfinished that daylight was visible through the outside brick cracks and the windows were not cased but rested on two-by-fours; the chimney leaked and the walls around the chimney seeped water; an upstairs bathtub leaked water through the kitchen ceiling where it made a ring, so that the tub was never used; the kitchen cabinets were visibly uneven in height as much as one to two inches, so that Mrs. Fullerton was unable to install a microwave oven for which she had specifically planned and requested wallspace and an outlet, and instead had to place it elsewhere and run the cord to the hallway entrance; the carport wall had cracked when appellant's bulldozer rammed it but it did not appear that appellant had inserted steel rods and poured concrete in the brick as it had promised to do, and the wall still bulged; the basement ceiling had not been insulated so that the house was difficult to heat. Some of these defects do not appear to have been considered by the expert who estimated $2,800 depreciation in the house value based on defective workmanship. In any case, in view of the evidence in the case, a verdict $406.50 greater than the highest figure estimated by an expert is authorized by the evidence and is not palpably unreasonable or excessive. *Hogan,* supra.

2. Appellant contends the trial court erred in its instructions on the measure of damages, and erred in entering judgment for Fullerton in the amount of $2,000.

At trial the judge directed a verdict against Sam Fullerton in the amount of $1,206.50 on an open account. He instructed the jury to find a verdict for Piedmont Builders in that amount if it found the dwelling was not reduced in value by defective workmanship; but that if it found the house was worth less than if it had been constructed properly, and such difference in value was greater than $1,206.50, the jury should deduct $1,206.50 from that amount and find the verdict for Fullerton for the difference. Obviously the jury found the house to have been worth $3,206.50 less than it should have been worth if constructed properly. It set off the amount of Fullerton's obligation to Piedmont, as instructed, and returned a verdict for Fullerton for $2,000. Even assuming error, the appellant did not object to the court's charge, *Dept. of Transp. v. Brand,* 149 Ga. App. 547 (254 SE2d 873), and cannot now complain that the jury followed it. The final judgment for Fullerton in the amount of $2,000 reflects the set-off of the amount directed against him. This is proper. Code Ann. § 39-605; and see Code Ann. § 39-606.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1981.

*Nathaniel David Wages,* for appellant.
*W. Michael Strickland,* for appellee.