65970. DEPARTMENT OF TRANSPORTATION v. GRAMSON PROPERTIES et al.

BIRDSONG, Judge.

The jury in this condemnation action returned a verdict in favor of condemnee/appellee in the amount of $11,765 in actual damages, as directed by the trial court, and $27,400 in consequential damages. The sole issue on appeal is whether the evidence is sufficient to support the award of consequential damages.

A review of the trial transcript reveals ample evidence supporting the jury's verdict. Appellee produced an expert real estate appraiser who testified that in his opinion the taking resulted in $24,000 in consequential damage to the remainder of the property. One part-owner of the property testified that in his opinion the value of the remainder was decreased by $38,800 as a result of the taking. The jury also had before it maps and photographs of the property, as well as the testimony from other witnesses relevant to the issue of

consequential damages and potential mitigation of those damages. The courts of this state have consistently given juries considerable latitude in awarding consequential damages in condemnation cases where there is evidence of the fact and amount of diminution in value to the remainder as a result of the taking. See *Dept. of Transp. v. Driggers,* 150 Ga. App. 270 (257 SE2d 294). A jury "may consider the nature of the property involved, together with any other fact or circumstance properly within the knowledge of the jury which tends to establish the value of the property...." Id., p. 274. A jury award of consequential damages in a condemnation case will not be overturned on appeal "where the verdict reached is not so disparate [from the evidence] as to justify an inference of gross mistake or undue bias." Id.

In the present case, there was considerable evidence showing consequential damage to appellee as a result of the taking and showing the value of that loss. Appellant's attacks on that evidence go merely to its weight and credibility, which are matters for the jury. Since the verdict in this case was well within the evidence presented at trial, it will not be disturbed on appeal. Accordingly, appellant's attack on the judgment of the trial court is without merit, and the trial court properly denied appellant's motion for new trial.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 16, 1983.

*Lenwood A. Jackson,* for appellant.
*M. T. Simmons, Jr.,* for appellees.