42845. ARNOLD et al. v. STATE HIGHWAY
DEPARTMENT.

ARGUED JUNE 12, 1967—DECIDED JUNE 23, 1967—
REHEARING DENIED JULY 18, 1967—

*Henry N. Payton*, for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Marshall R. Sims, Assistant Attorneys General, John. A. Sligh, Jr., Walter Sanders, Charles Van S. Mottola*, for appellee.

JOSLIN, Judge. It is clear that the condemnor filed its appeal from the special master's award within the ten day period allowed by *Code Ann.* § 36-614a. The condemnees, however, claim that, under the holding of *Woodside v. City of Atlanta*, 214 Ga. 75 (103 SE2d 108), a 4-to-3 decision, the condemnor must have paid the award of the special master into the registry of the court within ten days after the filing of the award, or at a time prior to the filing of the appeal by the condemnor, and that this payment is a condition precedent to its right to appeal from the award. With this we disagree.

The *Woodside* case, supra, was interpreting *Code Ch.* 36-5, which is concerned with the fixing of value by assessors. This is a completely different process from that in which the special master is used, as was the case here. In the *Woodside* case, supra, the majority held that an award of compensation by assessors, filed as required by law, was a taking of private property for public use and payment must be made as a condition predecent to the condemnor's right to prosecute an appeal.

Under the special master procedure provided in *Code Ann.* § 36-612a, the law specifically provides that the award of the special master "shall condemn and vest title to the property . . . in the condemning body *upon the deposit of such sum into the registry of the court.*" (Emphasis supplied.) The form of the award provides "said property be condemned by a judgment in rem to the use of the condemnor *upon the payment of the last stated sum into the registry of the court.*" (Emphasis supplied.) *Code Ann.* § 36-612a (4). *Code Ann.* § 36-613a, further provides: "Upon the award of the special master being entered . . . the judge of the superior court shall enter up a proper order . . . condemning the described property, . . . to the use of the condemning body *upon the payment into the registry of the court of the amount provided for in the award of the special master.*" (Emphasis supplied.)

It seems then that no property is taken under this special master procedure until the payment is made. Therefore, no unconstitutional taking would result as applied to assessors' evaluations as held in the *Woodside* case, supra.

Under the Special Master Act, *Code Ann. Ch.* 36-6A, a condemnor is not required to pay the award of the special master into the registry of the court within ten days after the filing of the award, or at the time of, or prior to the filing of the appeal as a condition precedent to its right of appeal.

The order overruling the motion to dismiss the appeal is affirmed.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*