47006.   R. E. ADAMS PROPERTIES, INC.
v. CITY OF GAINESVILLE.

Argued March 9, 1972—Decided March 17, 1972—
Rehearing denied March 28, 1972.

*Greer, Sartain & Carey, Jack M. Carey,* for appellant.

*Palmour & Palmour, J. E. Palmour, Jr.,* for appellee.

DEEN, Judge. 1. It appears that the basis of the trial court's ruling in this case is that the "taking" occurs where there is an interference with rights of ownership resulting in damage to the owner rather than the date on which the governing authority effects a legal seizure of the property.

This ruling is incorrect because in conflict with *Housing Authority of the City of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226), reversing *Housing Authority of the City of Decatur v. Schroeder,* 113 Ga. App. 432 (148 SE2d 188) in which the Court of Appeals had adopted the same view here propounded by the trial court. The fact situation is similar to that of the case at bar. The condemnee owned low cost rental property seized for urban renewal purposes by the Housing Authority of the City of Decatur which, because of the imminence of proceedings, had been entirely abandoned by its former tenants, the last of whom left on

July 1, 1964. The condemnation petition was filed November 25, 1964. The condemnee sought lost rentals during this time as a part of "just and adequate compensation" under constitutional provisions. The Court of Appeals held (p. 434): "Just and adequate compensation means putting the deprived landowner as nearly as possible back in the same monetary position he was in before the seizure occurred. The government may not depress the value of land, whether by signs causing the public to think the land has already been taken, or by public announcements indicating imminent seizure, so as to deprive the owner of the use to which the property is being put, and then contend that the depressed value is in fact the true value of the property on the date the technicalities of the 'taking' have been performed." The Supreme Court held this ruling erroneous, saying that the effect of such a decision "is to hold that the value of the property at the time of taking is not the true value but its true value may be its value many rentals or years prior to the *actual institution of the condemnation proceedings.*" P. 419. (Emphasis supplied.) The Supreme Court then held that the date of taking, as disclosed by the petition of the condemnor, was the date the petition was filed, being November 25, 1964. It disapproved an instruction by the trial court as follows: "The condemnee denies that the date of taking was November 25, 1964, and contends that that date was some time prior to that. I further charge you that if you find that the taking took place prior to November 25, 1964, that you should find the fair market value of the property as of the date when you ascertain the property to have been taken." P. 419. The reason stated for the decision of the Supreme Court that this instruction was error was that it allowed the jury to "find the fair market value of the property as of a date other than that of the actual taking." It is thus beyond dispute that "date of taking" cannot antedate the date on which proceedings are commenced to place title in the condemnee, so far as evidence regarding value is concerned, where condemnation proceedings are in fact filed. (We do not here discuss the

language of those cases which indicate that "date of taking" is the date on which the money is paid into the court, or the date on which the order of condemnation is entered up in the case, rather than the date on which the petition is filed, because irrelevant to the question at hand. For instance, it was held in *Arnold v. State Hwy. Dept.*, 116 Ga. App. 201, 203 (156 SE2d 469): "It seems then that no property is taken under this special master procedure until the payment [of the award into the registry of the court] is made." Under *Schroeder* the date of filing the petition is the first date in point of time as to which evidence of market value is relevant). *Schroeder* tracked *Hard v. Housing Authority of the City of Atlanta*, 219 Ga. 74, 75 (132 SE2d 25), cert. denied 3/5/71, which approved the contention that: "When private property is condemned for public use the owner is entitled to receive just and adequate compensation as of the date of the taking, and *not as of the date of the announcement of the taking*, and the value of the property should be fixed at the time of its taking." *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 464 (71 SE 903) does not hold, as the trial court apparently construed it, that the jury is free to determine a "date of taking" prior to the commencement of proceedings, and the statement "value . . . should be fixed [at] the time it is taken, or the right to take it is complete" refers to value at a time subsequent to the initiation of condemnation proceedings, the date of the award, if the compensation is *first paid*. Again, in *West v. City of Atlanta*, 123 Ga. App. 255 (1) (180 SE2d 277) the condemnation judgment was entered on March 3, 1969, and this was stipulated by the parties to be the date of taking, whereupon the court held: "Since the compensation to be paid for property condemned is to be determined by its value at the time of its actual taking, a jury cannot consider the value at a time prior to the actual time of taking."

It follows from the above that the trial court erred in holding that the jury was free under the evidence to determine that some date prior to the initiation of proceedings to

condemn the property but after the announcement that it was its intention to do so might be found to be the date of actual taking. Therefore the enhancement or impairment of value of the land, or the loss of profits resulting from the announcement, are no part of market value, which the record shows affirmatively to be the sole basis of the award to the condemnee.

2. In *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) it is clearly stated that the Constitutional imperative of payment of just and adequate compensation to the citizen injured by the eminent domain proceeding is "inclusive of damages to every species of property, real and personal, corporeal and incorporeal." Id., p. 737. "It will be noticed that, according to the terms of the Act [Chapter 36-6A], all damage done to the condemnee's property is to be considered in making the award of compensation." Id., p. 738. "The constitutional provision is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building." Id., p. 738. "The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property may be proved for that purpose. The loss of an established business is an entirely different matter; such loss not merely reflects the value of the real estate, for frequently the value of the business greatly exceeds that of the premises where it is conducted." Id., p. 739. "Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building." Id., hn. 2.

It is thus obvious that the plaintiff here has stated a claim for damages resulting from the taking in the form of rentals lost during the period between the time the governing authority moved his tenants off (if the proof shows that this was the case) and the date of the "actual taking" as of

which date market value is to be determined, and also that the award found by the special master was restricted to market value alone and that the condemnee's claim, if any, for damages due to lost rentals has had no prior adjudication. Is this a sufficient reason to enable the present action to proceed? It cannot be unless separate actions may be brought as to separate elements of damage which have already accrued at the time the condemnation action has been begun, and the law is well settled that a judgment in the condemnation action may be pleaded in bar of a subsequent damage suit (*Towler v. State Hwy. Dept.,* 100 Ga. App. 374 (3) (111 SE2d 154)) and that whatever remedy exists may be enforced in that proceeding. *Housing Authority of Atlanta v. Mercer,* 123 Ga. App. 38, 42 (179 SE2d 275); *State Hwy. Dept. v. McCurdy,* 217 Ga. 731, 733 (124 SE2d 630); *Gilbert v. Savannah G. & N. A. R. Co.,* 69 Ga. 396, 399. The condemnee, however, is not without a remedy. As pointed out in *Wiggins v. City of Macon,* 120 Ga. App. 197, 199 (169 SE2d 667): "After entry of the court's judgment the taking is complete, but either party may file an appeal to a jury. In the appeal to the jury the issues are as to valuation not only as to property or properties actually taken, but also as to consequential damages, if any; other damages, including such items of other damages as damages and expenses are within the purview of recoverable items" authorized in *Bowers v. Fulton County,* supra. Such an appeal is *de novo* as to the value of the property taken or the amount of damage done. Id., p. 201; *Code Ann.* § 36-614a.

But it should also be noted that in *Woodside v. City of Atlanta,* 214 Ga. 75, 83 (103 SE2d 108), where the "first paid" provision of the Constitution was under construction, it was pointed out that a taking may occur even though there is no dispossession, where there is substantial interference with the elemental rights growing out of ownership of private property. At first blush these statements and those in *Housing Authority of Decatur v. Schroeder,* supra, may seem contradictory, but the cases are easily reconciled

upon examination of their content. Admissibility of evidence of market value at a specified date was involved in *Schroeder;* the time for paying an award into court was involved in *Woodside.* Further and more important, neither case adjudicated (as *Bowers* did) the right to specific damages as other elements of compensation in a condemnation case.

The condemnee has his remedy in the condemnor's action and cannot seek a separate element of damages after that action is finally terminated.

*Judgment affirmed with direction that all of paragraph 2 of the final order with the exception of the first sentence be deleted therefrom. Jordan, P. J., and Clark, J., concur.*