### 32985. SHOEMAKER v. DEPARTMENT OF TRANSPORTATION et al.

BOWLES, Justice.

This case involves the validity of a condemnation proceeding filed by Fulton County, and the subsequent transfer of title to the property thereby condemned from Fulton County to the Department of Transportation, for the construction of the now-defunct Georgia Interstate Highway I-485.

On February 27, 1969, Fulton County filed a petition

in the Superior Court of Fulton County seeking to condemn the property of the appellant for the construction of a limited access highway, designated as Project No. I-485. A special master was duly appointed by order of the court, and an award in the amount of $20,450 entered by the special master. On March 14, 1969, the superior court entered an order and judgment condemning appellant's property and directing Fulton County to pay $20,450 into the registry of the court. The appellant was tendered a check for the amount of that award on April 16, 1969, which she subsequently cashed.

Following the Department of Transportation's abandonment of construction of I-485, the appellant, on August 15, 1975, filed a complaint in the Fulton County Superior Court naming as defendant the State Highway Department of Georgia, now known as the Department of Transportation. The suit, as originally filed, contained only one count. However, during the course of the proceedings the appellant amended her complaint so as to add three additional counts.

In Count 1, the appellant alleged that the condemnation proceedings were without force and effect because Fulton County had never made any determination that the property acquired was to be used for the construction of I-485, nor had the governing authority of Fulton County ever determined that the property was necessary for the I-485 project. Because the Department of Transportation had abandoned construction of I-485, appellant alleged that the property reverted back to her.

Count 2 sets forth a simple count in ejectment, wherein the appellant alleged that the Department of Transportation had ousted her from the property and had wrongfully kept her out of possession.

Count 3, after setting forth the same allegations as Count 2, makes a detailed attack upon the validity of the condemnation petition filed by Fulton County. Specifically, Count 3 alleged that the condemnation proceedings were null and void, and without force and effect; that the governing authority of Fulton County never authorized or directed the filing of the condemnation petition; that Fulton County never

determined or declared the necessity for acquiring appellant's property and never authorized the filing of condemnation nor the use of accelerated condemnation proceedings; that the judgment was void for want of jurisdiction; and that the quitclaim deed executed by the chairman of the Board of Commissioners of Fulton County to the Department of Transportation was insufficient to transfer title, as neither the chairman nor Fulton County had title to the property.

Finally, in Count 4, the appellant alleged that the entire condemnation proceedings were a fraud upon the appellant, who relied upon such falsities and, therefore, the proceedings were void, or, if not void, voidable.

In responding to appellant's complaint, the Department of Transportation set forth twelve defenses. On March 31, 1977, the appellee moved the court to consider its first defense, appellant's failure to state a claim upon which relief can be granted, inclusive of those additional defenses raised in appellee's response as separate grounds for and in support of the department's first defense, as a motion for summary judgment.

The court subsequently heard, and on August 11, 1977, granted appellee's motion for summary judgment as to each count of appellant's complaint.

Appellant appeals to this court alleging some sixteen enumerations of error, some of which are redundant and will be combined for consideration.

1. Appellant contends that the judgment of condemnation entered March 14, 1969, is void on its face for want of jurisdiction of the person and subject matter, and therefore, the trial court erred in granting appellee's motion for summary judgment.

"A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time." Code Ann. § 81A-160 (f). However, in the instant case, it is clear that the judgment was not void on its face for any of the reasons assigned.

The record of the condemnation suit affirmatively shows that the appellant was personally served on March 3, 1969; that no objection to service or plea to the jurisdiction over her person was ever raised in the proceedings; and that appellant did, in fact, withdraw

from the registry of the superior court the award entered as just and adequate compensation. Personal jurisdiction was, therefore, clearly not lacking.

Under the special statutory procedure set forth in Chapter 36-6A for "Condemnation before a Special Master," subject matter jurisdiction lies in the "Superior Court of the county wherein the property sought to be condemned is located." Code Ann. § 36-605a. The record in the condemnation suit conclusively shows that the petition was filed in the Superior Court of Fulton County, and that the property condemned was located in Fulton County. Therefore, without question, the Superior Court of Fulton County had subject matter jurisdiction over these proceedings, and the judgment in that case cannot now be attacked as being void for this reason.

2. Since the judgment in the condemnation proceeding entered March 14, 1969, is not void on its face and is not otherwise void for want of jurisdiction of the person or subject matter, appellant's only other avenue of attacking the judgment entered in that case is by way of Code Ann. § 81A-160 (b), which provides that "[A] judgment may be attacked by motion for new trial, motion to set aside, or by complaint in equity."

Although it is unclear which avenue of attack the appellant seeks to pursue, it is clear that regardless of the procedural mechanism utilized by appellant, her attack upon the condemnation judgment is barred by Code Ann. § 81A-160 (f) which provides that except for an attack upon judgments void for lack of jurisdiction of the person or subject matter, "[M]otions for new trial must be brought within the time now or hereafter prescribed by law. In all other instances, all motions, complaints or other proceedings to set aside or attack judgments *shall be brought within three years from entry of the judgment complained of."* (Emphasis supplied.)

The judgment of condemnation not being void on its face, nor void for lack of jurisdiction of the subject matter or person, and a motion for new trial not being an issue in this case,[1] an attack upon the judgment by way of a motion

---

[1] Appellant failed to file a motion for new trial within the time prescribed by Code Ann. § 70-301.

to set aside or a complaint in equity is barred by the three year statute of limitation.

3. The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be paid a citizen before his interest in property may be condemned. Code Ann. § 36-602a. Such is accomplished by having a special master appointed to hear evidence as to the value of the property taken and the damage done and then to make an award upon which the superior court can enter a judgment immediately vesting title in the condemnor upon payment of the amount awarded. Code Ann. § 36-605a. Though the primary duty of the special master is to ascertain the value of the property sought to be condemned, the special master is authorized to hear and determine any legal objections that may be raised by the parties, including, for example, the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken and the effect of the condemnation upon the respective rights of the parties. When legal objections are raised before and passed upon by the special master, to obtain review of these objections exceptions must be taken to the master's findings prior to the superior court's entry of an order and judgment condemning the property. If no exceptions are taken and the master's findings are made the judgment of the court, the court's judgment is final insofar as it adjudicates these legal issues, until set aside or reversed in a manner provided by law. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966); *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821 (189 SE2d 118) (1972); *Wiggins v. City of Macon,* 120 Ga. App. 197 (169 SE2d 667) (1969); *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372 (154 SE2d 812) (1967); *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54) (1961). Additionally, if either party is dissatisfied with the master's award as regards value, they may, "within 10 days from the time the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed; and at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done,

with the same right to move for a new trial and file a bill of exceptions as in other cases at law." Code Ann. § 36-614 (a). An appeal not filed within the ten day period is not timely filed, and is subject to dismissal in the superior court. *City of Savannah Beach v. Thompson,* 135 Ga. App. 63 (217 SE2d 304) (1975).

Since no exceptions were taken to the findings of the special master, appellant waived all nonvalue issues that could have been raised. Further, appellant, having failed to file an appeal in the superior court from the award within 10 days from the time the award was filed by the special master, cannot now, in this court, raise issues as to the value of the property condemned. The judgment in the condemnation proceeding is, therefore, conclusive as to all value and nonvalue issues raised by the appellant in this appeal.

4. Having determined the validity of the condemnation judgment and inability of the appellant to attack that judgment, the only other issue raised by the appellant in this appeal is whether the Board of Commissioners of Fulton County was authorized to direct the conveyance of the condemned property to the Department of Transportation.

Under Code Ann. § 91-602, "[T]he ordinary or other authority shall have the control of all property belonging to the county, and may by order to be entered on his minutes direct the disposal of any real property which may lawfully be disposed of, and make and execute good and sufficient title thereof on behalf of the county." (Emphasis supplied.)

In the present case, the commissioners of Fulton County duly authorized and directed the execution of the quitclaim deed to the condemned property to the Department of Transportation at a special meeting held May 7, 1969. The deed itself was duly recorded upon the minutes of the Fulton County commissioners. The conveyance was clearly authorized.

Further, appellant's contention that the property condemned by Fulton County and subsequently conveyed to the Department of Transportation reverts back to her upon the abandonment of construction of I-485 is without merit. *Dept. of Transportation v. Knight,* 238 Ga. 225 (232

SE2d 72) (1977); *Sadtler v. City of Atlanta,* 236 Ga. 396 (232 SE2d 819) (1976).

We conclude that the appellant's complaint as amended failed to state a claim upon which relief could be granted, and, therefore, the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 17, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 24, 1978.

*Pye, Groover & Pye, Durwood T. Pye,* for appellant.
*Arthur K. Bolton, Attorney General, Bruce M. Edenfield, Assistant Attorney General, Douglas B. Warner,* for appellees.