58228. PARLATO et al. v. CITY OF ATLANTA.

QUILLIAN, Presiding Judge.

In September, 1978, the City of Atlanta filed an action under the "Special Master" method of condemnation of certain property in Atlanta. The special master determined the value of the taking and recommended an additional award of $2,000 for attorney's fees, and $1,500 for appraiser fees. The City of Atlanta filed an "Exception to Award of Special Master" "wherein [he] found and determined" the above fees "were compensable." The court sustained the "exception to Award of Special Master" and struck the attorney and appraiser fees. Condemnees bring this appeal. *Held:*

The central issue is whether attorney and appraiser fees are compensable in the special master condemnation procedure where the master's findings are issued after *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385), and the "exceptions" to those findings are timely made after the issuance of *DeKalb County v. Trustees &c. Elks,* 242 Ga. 707 (251 SE2d 243).

*White,* supra, determined the Georgia Constitution's command that "just and adequate compensation" be made for the taking of private property "include[d] all reasonable and necessary expenses of litigation . . . condemnees . . . must incur in order to obtain fair market value of his property taken . . ." Id. at 351. However, in *DeKalb County,* supra, the Supreme Court concluded they were "in error in *White* . . . when [they] held, 'the words "just and adequate compensation" . . . are to be interpreted . . . to include attorney fees incurred by a condemnee . . .' " 242 Ga. at 709.

The *White* case was effective July, 1976. The finding of the special master in the instant case was issued November 20, 1978. On November 22, 1978, the Supreme Court published its holding in *DeKalb County.* Eight days thereafter, and within the requisite 10 day period for

appeal or exception, condemnor filed its "Exception to Award of Special Master" in which it contested "the Award of Special Master."

In *Dept. of Transportation v. Flint River Cotton Mills,* 238 Ga. 717 (235 SE2d 31), the Supreme Court held that unless the award of the special master was greater than the amount tendered by the condemnor "there was no need for the condemnee" to contest the amount and he would not be entitled to expenses incurred. In the instant case the amount tendered by condemnor was $15,400 and the amount of the award was $28,000. Thus, the master recommended attorney and appraiser fees be included.

In the present case the condemnees alleged that "at the special master's hearing the condemnor and condemnees agreed that if the master found that the condemnees were entitled to recover reasonable expenses of litigation he should go further and find the dollar value thereof . . ." Neither the record nor the transcript reflect the substance of this purported agreement. In condemnor's brief to the trial court they stated: "Condemnor, to the extent it stipulated at all, merely agreed that, in the first instance, the Master would make preliminary recommendations to the Court with respect to the issue of attorney's fees." The only remaining enlightenment as to the content of the agreement is found in the special master's award which stated: ". . . condemnees could not have pursued [this] matter without the employment of counsel and use of a qualified appraiser . . . at the request of counsel for both the condemnors . . . and the condemnees . . . I find the value of attorneys fees . . . and appraiser fees to be . . . $3,500.00 . . ."

The condemnor City of Atlanta selected the special master procedure of condemnation for use in the acquisition of this property. See Code Ann. Chap. 36-6A (Ga. L. 1957, pp. 387 et seq., as amended through 1975, p. 27). This Code Chapter sets forth a "special statutory procedure and . . . sets up a specific rule of practice and procedure . . ." *Nodvin v. Ga. Power Co.,* 125 Ga. App. 821, 822 (189 SE2d 118); *Shoemaker v. Dept. of Transportation,* 240 Ga. 573, 576 (241 SE2d 820). Condemnors, by utilizing this special procedure must adhere to its provisions.

The Supreme Court, in *Shoemaker,* supra, provided guidance as to review of the special master's findings. They held that "[w]hen legal objections are raised before *and passed upon by the special master,* to obtain review of these objections exceptions must be taken to the master's findings prior to the superior court's entry of an order and judgment condemning the property . . . Additionally, if either party is dissatisfied with the master's award as regards value, they may, 'within 10 days from the time the award is filed, enter in writing an appeal from the award to the superior court . . . [and] it shall be the duty of the judge to cause an issue to be made and tried by a jury . . .'" 240 Ga. at 577. (Emphasis supplied.)

We agree with the condemnees for a number of reasons. First, even though they failed to place the purported agreement in writing about fees incident to the condemnation or to have it placed in the record, it was the law at that time because of the holding of *White,* supra, that it was "the duty of the fact finder to determine whether . . . additional damages should be paid, such as attorney fees and reasonable and necessary expenses of litigation, [and] the fact finder shall make its recommendation to the trial judge to that effect." 237 Ga. at 343. The special master so found and stated that such finding was at the request of both the condemnor and condemnees. In view of the statement made by the special master — implicit in reaching such finding and recommendation was the consent or concurrence of all parties — as it was then known to be the law by all parties.

There does not appear to be a ruling of the special master as to whether the fees could be imposed, but in view of his statement — was imposed by apparent concurrence or consent. If there was no ruling, but an agreement, there could be no appeal from such agreement, for " '[o]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' "*Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726); *Rowe v. Rowe,* 228 Ga. 302 (186 SE2d 69).

Conceding arguendo that there was a ruling, no exception to such ruling was taken at the hearing. Condemnor raised the error for the first time on appeal from the award. This he may not do. *Shoemaker v. Dept. of*

*Transportation,* 240 Ga. 573, 577, supra; accord, *Leach v. Ga. Power Co.,* 228 Ga. 16, 21-22 (183 SE2d 755).

Condemnee argues that the condemnor failed to appeal the award, thus may not contest the *amount* recommended for attorney and appraiser fees. This argument misses the mark. Condemnor does not contest the *amount* of the award only the *fact* that the award included attorney and appraiser fees.

We hold that we will not apply *DeKalb County* retroactively to the special master's findings in the instant case which were reached while *White* was extant. It is apparent that all parties in the special master's proceedings were aware of and consented to the application of the holding of *White* to the instant case. We also note that in *DeKalb County* the court held that "the majority of the court does not oppose the award of attorney fees in eminent domain cases. We simply hold that a proper construction of our Constitution does not require such award . . ." 242 Ga. at 709. In this case there was substantial agreement that if the special master found a set of facts to exist he could include such fees. He found the basis existed for imposition of the fees, and we find error in the ruling of the court in reversing such finding.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 6, 1979.

*Paul H. Anderson,* for appellants.
*Ferrin Y. Matthews, Murray F. Bahm,* for appellee.