## 61075, 61076. WARD v. HOUSING AUTHORITY OF ATLANTA (two cases).

POPE, Judge.

This case is an appeal from the judgment of the Fulton Superior Court in a condemnation case and from the order of the trial court denying appellant's motion to set aside the award of the Special Master. We affirm.

On August 1, 1978 the Housing Authority of the City of Atlanta (AHA), as condemnor, instituted eminent domain proceedings pursuant to Code Ann. § 69-1101 et seq. against the property interest of Tillman Ward, the appellant, and John Ward in two parcels of land described in the condemnation petition. At the time the initial condemnation proceedings commenced, Tillman Ward owned one parcel and John Ward owned the other. John Ward subsequently died, at which time his estate conveyed his parcel of land to Tillman Ward, who is bringing the appeal in Case No. 61076 as successor in interest to John Ward.

The AHA filed the instant actions under the special master method of condemnation as provided for in Code Ann. 36-601a et seq. On August 14, 1978 a hearing was held before the special master who returned an award in favor of the appellant-condemnee in Case No. 61076. In Case No. 61075 the special master returned an award on November 22, 1978. No record exists of the proceedings before the special master. No exceptions were filed to either of these awards and the trial court entered judgments vesting title in the AHA on November 30, 1978 in Case No. 61075 and August 28, 1978 in Case No. 61076.

The appellant-condemnee filed notices of appeal from the awards of the special master and the cases were consolidated for trial on the issue of the value of the property taken. At the beginning of the

trial, appellant-condemnee filed a motion to set aside the awards of the special master. The motion essentially challenged the AHA's right to take the property on the grounds that appellant-condemnee had complied with the provisions of Code Ann. § 69-1108 (c) (2). The trial court denied the motion, holding that the subject matter of the motion was not timely raised and could only have been considered by the trial court if it had been raised in the pleadings or ruled upon by the special master. Appellant-condemnee appeals.

"The primary duty of the special master is to ascertain the value of the property sought to be condemned and the consequential damages or benefits, if any, with the authority to hear and determine any legal objections raised by the parties." *Leach v. Ga. Power Co.,* 228 Ga. 16, 21 (183 SE2d 755) (1971). Such legal objections may include, for example, the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken and the effect of the condemnation upon the respective rights of the parties. *Shoemaker v. Dept. of Transp.,* 240 Ga. 573 (3) (241 SE2d 820) (1978). "When legal objections are raised before and passed upon by the special master, to obtain review of these objections exceptions must be taken to the master's findings prior to the superior court's entry of an order and judgment condemning the property. If no exceptions are taken and the master's findings are made the judgment of the court, the court's judgment is final insofar as it adjudicates these legal issues, until set aside or reversed in a manner provided by law." *Shoemaker v. Dept. of Transp.,* supra at 577.

In the instant case, appellant-condemnee is appealing only the issue of the condemnor-appellee's right to take the property. Appellant-condemnee contends that the trial court erred in refusing to hear evidence on the issue of appellant's compliance with Code Ann. § 69-1108 (c) (2). Under Code Ann. § 69-1108 (c), a private landowner has the option of retaining his land and developing it in accordance with the urban redevelopment plan when the land to be condemned is to be put to a non-public use. *McCord v. Housing Authority,* 246 Ga. 547, 550 (272 SE2d 247) (1980). Thus, "[t]he right of the State to obtain private property for the public purpose of urban redevelopment is qualified by the requirement that the property owner must be permitted to develop his land himself in accordance with the proposed plan if he so desires and if he has the resources to do so." *McCord v. Housing Authority,* supra at 551. Accordingly, this issue could have been raised before the special master since it goes to the question of the right of the condemnor-appellee to condemn. *Shoemaker v. Dept. of Transp.,* supra.

Since there is no transcript of the hearing before the special master, we do not know if there was a ruling made by the special

master on this issue. However, assuming arguendo there was a ruling, no exceptions were taken to the findings of the special master by appellant. Appellant raised the alleged error for the first time on appeal from the award. Consequently, appellant waived all nonvalue issues that could have been raised. *Shoemaker v. Dept. of Transp.,* supra; *Parlato v. City of Atlanta,* 151 Ga. App. 235, 237 (259 SE2d 217) (1979); *Leach v. Ga. Power. Co.,* supra.

The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be paid a citizen before his interest in property may be condemned. Code Ann. § 36-602a. Allowing a condemnee to raise, for the first time on appeal from the special master's award, the right of the condemnor to take the property sought to be condemned would obstruct this purpose. We are unwilling to allow such a result.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 9, 1981.

*D. W. Latimore, Jr.,* for appellant.
*Lenwood Jackson,* for appellee.