A06A0941. ORR et al. v. GEORGIA TRANSMISSION CORPORATION.
(633 SE2d 564)

ELLINGTON, Judge.

The Superior Court of Forsyth County affirmed the award of the special master in this condemnation proceeding filed by the Georgia Transmission Corporation to acquire a right-of-way for electric power lines. A condemnee, Lanier Orr individually and as executor of the estate of Emma Lee Orr, filed a notice of appeal for a jury trial on the issue of the value of the property or interest taken or the amount of damage done. Before trial, the condemnor amended the petition to delete a "danger tree" maintenance easement. The condemnee filed a motion, purporting to elect the date the condemnor amended the petition as the date of the taking for purposes of valuation. The trial court rejected the condemnee's election and ordered that the date of taking is the date the condemnor filed its original petition. The condemnee appeals this order, pursuant to a granted application for an interlocutory appeal, and contends that the date of the amendment is the date of the taking because that is when the petition for the first time described the property or interest taken with the required degree of specificity. For the following reasons, we affirm.

We owe no deference to a trial court's ruling on questions of law and review such issues de novo under the "plain legal error" standard of review. *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 63 (592 SE2d 874) (2004).

The record reveals the following undisputed facts. In its original petition, filed October 30, 2001, the condemnor sought to acquire "an easement for a right-of-way . . . to locate, construct, operate, and

maintain electric transmission and distribution lines with towers, frames, poles, and related necessary facilities." The petition included a legal description of the property needed for the right-of-way, along with plats. The petition also included an easement "to cut away, remove and dispose of dead, diseased, weak or leaning trees on lands adjacent [to the right-of-way], which may now or hereafter, in falling, strike the conductors of [the power] lines, provided that on future cuttings of such dangerous trees [the condemnor] shall pay [to the owner] . . . the fair market value of the merchantable timber so cut." After a hearing, the special master awarded the condemnee $15,775 as the actual market value of the property or interest sought to be condemned and $16,000 in consequential damages to the remaining property or interest. In the award, entered December 19, 2001, the special master also resolved all nonvalue issues in favor of the petition. The condemnee filed a notice of appeal pursuant to OCGA § 22-2-112 for a jury trial on the issue of value and damages. In addition, the condemnee filed exceptions to the special master's ruling on nonvalue issues, asserting, inter alia, that the part of the petition containing the "danger tree" maintenance easement was so vague and indefinite as to result in an unconstitutional exercise of the power of eminent domain. On March 22, 2002, the trial court affirmed the award of the special master, adopting the special master's rulings on value and damages as well as all nonvalue issues. The judgment provided that upon payment into the registry of the court the total sum of $31,775, the condemnor would be vested with title to the condemned property.

Before the case was called for trial on the issue of value and damages, this Court held that a "danger tree" maintenance easement is effective only if it accurately and definitely describes the interest being taken. *Mosteller Mill, Ltd. v. Ga. Power Co.*, 271 Ga. App. 287, 288-290 (1) (609 SE2d 211) (2005). After this Court issued *Mosteller Mill*, the parties in this case filed a consolidated pretrial order in which they stipulated that the language of the taking in the petition was amended so that it no longer included the "danger tree" maintenance easement. The pretrial order, entered October 13, 2005, further provided, "[T]he judgment of the court dated March 22, 2002, condemning the property shall be likewise amended to reflect the amended language of the taking." The condemnee filed its motion electing October 13, 2005, the date the condemnor amended the petition, as the date of the taking. The trial court rejected the condemnee's election and ordered that the date of taking is October 30, 2001, the date the condemnor filed its original petition, citing OCGA § 22-2-109.

The "special master" method of condemnation is set out in OCGA §§ 22-2-100 through 22-2-114. The Code requires a condemnation

petition to set forth "[t]he property or interest to be taken or damaged." OCGA § 22-2-102.2 (2). To accord with due process,

> a petition to condemn an easement must describe the easement to be acquired with the same degree of definiteness as is required in a deed to land. The condemnation proceeding operates as a purchase of the land or an interest therein for a certain sum, and [the condemnee] is entitled to have an accurate, definite description of the property it is to lose in this transaction. Nothing must be left open to the judgment or interpretation of another, not even a court. Without this, the owner of the property cannot know what portion of his land is required, the special master cannot know what damage to apprise, and the petitioner cannot know the precise boundaries of the land so as not to trespass on property not acquired.

(Punctuation and footnotes omitted.) *Mosteller Mill, Ltd. v. Ga. Power Co.*, 271 Ga. App. at 289 (1). "[T]he primary duty of the special master is to ascertain the value of the property sought to be condemned," but the special master is also "authorized to hear and determine any legal objections that may be raised by the parties, including, for example, the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken and the effect of the condemnation upon the respective rights of the parties." *Shoemaker v. Dept. of Transp.*, 240 Ga. 573, 577 (3) (241 SE2d 820) (1978). See also OCGA §§ 22-2-102; 22-2-108; 22-2-110 (a). Two components comprise the monetary award of the special master: the market value of the property or interest taken on the date of taking and the consequential damages to the remainder, if any (reduced by the consequential benefits to the remainder, if any). OCGA § 22-2-110 (c); *Threatt v. Forsyth County*, 250 Ga. App. 838, 841-842 (1) (b) (552 SE2d 123) (2001). The date of taking "shall be the date of the filing of the condemnation proceedings for the acquisition of the property or interest." OCGA § 22-2-109 (a). Upon the deposit by the condemnor of the amount of the award into the registry of the court, the award shall vest title to the property or interest taken. OCGA §§ 22-2-102.1; 22-2-110 (b); 22-2-111.

Any party dissatisfied with the amount of the award may appeal it to the superior court for a jury trial on the issue of value and damages. OCGA §§ 22-2-112; 22-2-113 (a); *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858-859 (2) (439 SE2d 640) (1994); *Shoemaker v. Dept. of Transp.*, 240 Ga. at 577-578 (3). The jury's review of value is de novo. OCGA § 22-2-110 (d). For review of the special master's rulings with regard to nonvalue issues, on the other hand, a party

must file exceptions to the award. *Styers v. Atlanta Gas Light Co.*, 263 Ga. at 858-860 (2); *Shoemaker v. Dept. of Transp.*, 240 Ga. at 577-578 (3). The trial court rules on any exceptions to nonvalue rulings of the special master. In this case, the condemnee challenged both value and nonvalue rulings of the special master.

As mentioned above, while the condemnee's appeal of the special master's award was awaiting a jury trial, the decision of this Court in *Mosteller Mill* made it clear that the condemnation petition filed in this case was defective. In *Mosteller Mill*, we considered a challenge to a "danger tree" maintenance easement which was substantially identical to the one at issue in this case. We found that the "nonspecific and undefined" easement as set out in the condemnation petition conveyed "no idea of the extent of the contemplated invasion" and failed to describe sufficiently the interest being taken. 271 Ga. App. at 288-289 (1). Accordingly, we agree with the condemnee in this case that the trial court erred in denying his exceptions to the special master's award and entering judgment on the award. Id.

We cannot agree, however, that the trial court's later amendment of the judgment, in the consolidated pretrial order, automatically entitled the condemnee to elect the date of the amendment as the date of taking for purposes of valuation. In *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981), the Supreme Court of Georgia considered, in the context of a condemnation for transportation purposes under the declaration of taking method set out in OCGA § 32-3-1 et seq., the effect of an inadequate description of the property or interest taken. The Supreme Court held that a declaration of taking which does not conform to the dictates of the Code because it does not describe the nature or duration of an easement "cannot vest title to the land in the condemnor." 248 Ga. at 37. Furthermore, because a condemnation petition is not a mere pleading but is an instrument which passes title, an amendment of a petition which corrects such deficiencies can only vest title in the condemnor at the time of the amendment. Id. at 36-37. Thus, an amendment cannot relate back to the time of the original petition so as to cure the defect and affect a vesting of title as of the date the original declaration petition was filed. Id.

Under *Dorsey*, when a declaration of taking is found to be defective with regard to the description of an easement, the trial court may as justice requires vacate and annul the entire proceeding and dismiss the condemnation, or the court may order the condemnor to amend the declaration. 248 Ga. at 37.[1] To avoid "[t]he possibility of a

---

[1] See also *Ga. 400 Indus. Park v. Dept. of Transp.*, 274 Ga. App. 153, 154-158 (1) (616 SE2d 903) (2005) (in a condemnation for transportation purposes under OCGA § 32-3-1 et seq., the

condemnor reaping a benefit from having filed a faulty declaration of taking," the Court held, "for the purpose of determining the value of the land taken or consequential damages to land not taken, the condemnee shall have the right to elect whether the date of taking is the date of the filing of the original declaration of taking or the date of the filing of the amendment." Id.

Such an election is not necessarily required, however, in every case in which a declaration of taking or condemnation petition is amended. In *Dorsey*, as in this case, the condemnation petition sought to condemn one parcel of the condemnees' land in fee simple and to obtain an easement on an adjoining parcel also owned by the condemnees. 248 Ga. at 34. As in this case, the language describing the easement in *Dorsey* failed to describe the property or interest taken, an easement in lands adjacent to the condemned right-of-way, with the required specificity and was therefore insufficient to condemn the easement. Id. at 35; *Mosteller Mill, Ltd. v. Ga. Power Co.*, 271 Ga. App. at 289-290 (1).

In *Dorsey*, the amendment corrected the petition's deficiencies so that the declaration of taking as amended was sufficient to and did vest title to the easement. 248 Ga. at 37-38. In this case, by contrast, by stipulation of the parties the amended petition abandoned the acquisition of the inadequately described "danger tree" maintenance easement. Thus, the amendment allowed by the trial court effectively deleted mere surplusage in the petition and was not an instrument passing title to the condemnor. The record does not show any possibility of the condemnor reaping a benefit from having filed a faulty condemnation petition. The reason for allowing the election of the filing of the original petition as the date of the taking recognized in *Dorsey*, therefore, does not exist in this case. Although the market value of the condemned right-of-way may have increased substantially in the four years between the filing of the condemnation petition and the amendment deleting the invalid easement, allowing the condemnee to elect the later date as the date of the taking would merely grant the condemnee a windfall. Accordingly, the date of taking for the purposes of valuation is the date of the filing of the original condemnation petition, as provided in OCGA § 22-2-109 (a). The trial court's ruling in this regard was correct, and we affirm it.

---

declaration of taking which sought to condemn a temporary work easement as to lands adjacent to the condemned parcel was legally insufficient because it failed to provide any boundaries of the easement; because the condemnor had already entered the easement and dismantled a building, the appellate court remanded the case "with instruction to the trial court to order [the condemnor] to amend the declaration of taking to provide an accurate and legally sufficient description of the land it traversed, along with the period of time it was used, for purposes of determining the value of the land taken or consequential damages to land not taken") (footnote omitted).

Although the inclusion of the "danger tree" language in the original petition was incapable of transferring title in that interest, this does not necessarily mean that it had no practical effect. The market value of the condemnee's land adjacent to the condemned right-of-way may have been negatively affected for the period of time while the purported "danger tree" easement was part of the pending condemnation proceedings. In addition, the condemnee incurred litigation expenses in opposing the invalid easement. The issue of whether the condemnee may recover consequential damages to the remainder for such effects of the condemnor's faulty condemnation petition, however, is not before us for review.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 15, 2006 —
RECONSIDERATION DENIED JULY 5, 2006 —

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellants.

*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.

