S06G1952. ORR et al. v. GEORGIA TRANSMISSION
CORPORATION.
(642 SE2d 809)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Orr v. Ga. Transmission Corp.*, 280 Ga. App. 251 (633 SE2d 564) (2006), to consider whether the Court of Appeals correctly held that the date of taking in this case was the date of filing of the original condemnation petition as provided by OCGA § 22-2-109 (a).[1] For the reasons that follow, we conclude that in the circumstances of this case, the date of taking is not governed by OCGA § 22-2-109 (a), but by the date the condemnor paid the amount of the special master's award into the registry of the court pursuant to the superior court's order making said award the judgment of the court. Consequently, we reverse.

The relevant facts are outlined in the opinion by the Court of Appeals. On October 30, 2001, Georgia Transmission Corporation ("GTC") filed a condemnation petition in the Superior Court of Forsyth County seeking "to acquire an easement for a right-of-way ... in order to locate, construct, operate, and maintain electric transmission and distribution lines with towers, frames, poles, and related necessary facilities, for the purpose of transmitting and distributing electric current" across property of, among others, Lanier Orr and the Estate of Emma Lee Orr (collectively "Orr"). The petition also included a request for an easement to enter onto adjoining lands to remove dangerous trees ("dangerous tree maintenance easement"). After a hearing, the special master, on December 19, 2001, awarded Orr $15,775 as the fair market value of the property or interest sought to be condemned, and $16,000 in consequential damages to the remaining property or interest. Also, the special master resolved nonvalue issues in favor of the petitioner.

Pursuant to OCGA § 22-2-112,[2] Orr filed a notice of appeal for a jury trial on the issues of value and damages and additionally filed

---

[1] OCGA § 22-2-109 (a) provides:

In determining or estimating just and adequate compensation to be paid to the owner of any property or interest condemned for public road and street purposes, neither the special master nor the special master panel, in the event such a panel exists, nor the jury, in the event of an appeal to a jury, shall be restricted to the agricultural or productive qualities of the land; but inquiry shall be made as to all other legitimate purposes to which the land could be appropriated. *The date of taking as contemplated in this Code section shall be the date of the filing of the condemnation proceedings for the acquisition of the property or interest.*
(Emphasis supplied.)

[2] OCGA § 22-2-112 provides:

(a) If the condemnor or any condemnee is dissatisfied with the amount of the award, an appeal shall be filed in the superior court and such appeal shall be filed within ten calendar days from the service of the award, plus three additional calendar days

exceptions to the ruling on nonvalue issues, asserting, inter alia, that the portion of the petition involving the dangerous tree maintenance easement was vague and indefinite resulting in the improper exercise of eminent domain. The superior court overruled the exceptions and entered a judgment adopting the award of the special master on March 22, 2002. GTC paid the amount of the award of the special master into the court registry on June 5, 2002.

On October 13, 2005, the parties filed a consolidated pretrial order in which they stipulated to an amendment to the petition to remove the dangerous tree maintenance easement because of the decision by the Court of Appeals in *Mosteller Mill, Ltd. v. Ga. Power Co.*, 271 Ga. App. 287, 288-290 (1) (609 SE2d 211) (2005). In response to the amendment, Orr filed a motion to elect October 13, 2005, the date of the amendment, as the date of taking. The superior court rejected such election and ordered the date of taking to be October 30, 2001, the date GTC filed the original petition, citing OCGA § 22-2-109.

Orr appealed the order setting the date of taking to the Court of Appeals, which affirmed the judgment of the superior court. In so doing, the Court of Appeals noted that under *Dorsey v. Dept. of Transp.*, 248 Ga. 34 (279 SE2d 707) (1981), " 'when a declaration of taking is found to be defective with regard to the description of an easement, the trial court may as justice requires vacate and annul the entire proceeding and dismiss the condemnation, or the court may order the condemnor to amend the declaration,' " and that

> [t]o avoid "[t]he possibility of a condemnor reaping a benefit from having filed a faulty declaration of taking," . . . "for the purpose of determining the value of the land taken or consequential damages to land not taken, the condemnee shall have the right to elect whether the date of taking is the date of the filing of the original declaration of taking or the date of the filing of the amendment."

---

for mailing of the award. At the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property or interest taken or the amount of damage done, with the same right to move for a new trial and file an appeal as in other cases at law. The entering of an appeal and the proceedings thereon shall not hinder or delay in any way the condemnor's work or the progress thereof.

(b) The condemnee shall have the right to a jury trial on the issue of just and adequate compensation before the superior court having jurisdiction over the property sought to be condemned during the next term of court following the vesting of title in the condemnor. This right to a jury trial at the next term of court may be waived by the condemnee.

*Orr v. Ga. Transmission Corp.* at 254-255. However, the Court of Appeals determined that such an election was not required in every case in which a declaration of taking or condemnation petition is amended, and that in this case, in contrast to *Dorsey*, the amended petition abandoned the acquisition of the inadequately described dangerous tree maintenance easement; thus, the amendment effectively deleted mere surplusage in the petition and was not an instrument passing title to the condemnor. *Orr v. Ga. Transmission Corp.* at 255. The Court of Appeals further determined that the record did not show any possibility of the condemnor reaping a benefit from having filed a faulty condemnation petition; thus, the reason for allowing the election of the date of the taking recognized in *Dorsey* did not exist in this case. Id. The Court of Appeals concluded that to hold otherwise, assuming the market value of the condemned right-of-way increased substantially in the four years between the filing of the condemnation petition and the amendment deleting the invalid easement, would grant the condemnee a windfall. Id.

Both the analysis and the conclusion of the Court of Appeals are flawed. The focus of the Court of Appeals, like that of the superior court, is OCGA § 22-2-109 (a), which does provide that the date of taking is to be the date of the filing of the condemnation proceedings. However, by its express terms, OCGA § 22-2-109 (a) applies to "any property or interest condemned for public road and street purposes." It is undisputed that in this case, the condemnation is not for a public road or street purpose, but for the construction, operation, and maintenance of electric transmission and distribution lines. In contrast to OCGA § 22-2-109, OCGA §§ 22-2-110[3] and 22-2-111[4] are not limited to condemnation actions involving public roads and streets,

---

[3] OCGA § 22-2-110 now provides in pertinent part:

(a) The award of the special master or the special master panel, in the event such a panel exists, shall be served in a manner consistent with Code Section 9-11-5 upon all the parties and filed with the clerk of the superior court of the county where the property or interest is situated within three days after the date on which such hearing is completed. The special master or the special master panel shall mail the award to the condemnor and any condemnees on the date of filing of the award and provide a certificate of service evidencing the mailing of such award.

(b) The award shall become a part of the record of the proceedings in said matter and shall condemn and vest title to the property or other interest in the condemning body upon the deposit by that body of the amount of the award into the registry of the court, subject to the demand of such condemnee or condemnees, according to their respective interests.

[4] OCGA § 22-2-111 provides:

Upon the entry of the award of the special master or the special master panel, if such a panel exists, and the presentation of the award to the judge of the superior court, the judge shall enter a proper order and judgment of the court condemning the described property or other interest in rem to the use of the condemnor upon the condemnor's paying into the registry of the court the amount provided in the award.

but are generally applicable in condemnation proceedings before a special master. OCGA § 22-2-111 mandates that the trial court enter a judgment condemning the property or other interest at issue when the condemnor pays into the registry of the court the amount provided in the award. In *Arnold v. State Hwy. Dept.*, 116 Ga. App. 201 (156 SE2d 469) (1967), the Court of Appeals itself recognized that "the law specifically provides that the award of the special master 'shall condemn and vest title to the property . . . in the condemning body upon the deposit of such sum into the registry of the court.' " Id. at 203. GTC argues that confusion exists between the date title "vests" in the condemnor as provided in OCGA § 22-2-110 and the "date of taking" for purposes of valuation. But, as was noted in *Arnold*, in general, "no property is taken under this special master procedure until the payment is made." Id. Accord *Zone Enterprises v. Geo. L. Smith II Ga. World Congress Center Auth.*, 234 Ga. App. 238 (506 SE2d 424) (1998) (The date of taking of the property for a public park was the date the condemnor paid the original award into the registry of the court.). And, this Court has plainly stated that the constitutional demand that just and adequate compensation be paid to the condemnee " 'means that such payment cover [the property's or interest's] value at the time of taking.' " *Housing Auth. of City of Decatur v. Schroeder*, 222 Ga. 417, 419 (151 SE2d 226) (1966).

GTC urges that there is no logical reason not to use the date of filing as the date of taking for the purpose of valuation. Even assuming arguendo that was so, the General Assembly apparently has not seen fit to do so in the case of a condemnation for purposes other than public roads and streets.[5] Thus, the Court of Appeals erred in concluding that the date of taking in this case was the date of filing of the original condemnation petition. Accordingly, its judgment cannot stand.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 26, 2007.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellants.
*Stewart, Melvin & Frost, Frank Armstrong III*, for appellee.

---

[5] GTC further posits that OCGA § 22-2-109 (a)'s express limitation to condemnations for public road and street purposes is obviously an unintentional typographical error or vestige of previous statutory provisions. But, this Court will not engage in such speculation. If the statutory limitation is unintended or requires alteration, it is a matter for the General Assembly.